Lipscomb, J.
A preliminary question was presented in this case upon a motion to dismiss the cause from the docket for want of an appeal bond. On inspection, we find that the bond is properly signed and sealed, and duly attested. The objection taken is to tha omission of the names of the securities in the body of the instrument. We believe the objection is not well founded and that the bond is valid against the securities, notwithstanding the omission to insert their names in the body of the instrument — their names being subscribed by them makes it binding — the motion to dismiss was therefore overruled.
The points presented in the appellant’s brief have not been argued. We will examine two of them on which the court below is supposed to have erred in its decision. We find from the record before us that the petition commences, “ The petition of Alexander O. Crawford, of the county aforesaid, against William M. Cooke and Gabriel Cooke, merchants and partners, formerly of Hashville, Tennessee, TI. S. of America, doing business under the firm and style of Wm. M. Cooke & Co., and said Cooke is now a resident of the county of Harrisburg aforesaid.”
The petition then proceeds to set out, that in the city of Philadel *(8) phia, the note was given, now sued on, and after setting it out in its terms, signed “Wm. M. Cooke & Co.,” prays that citation may issue to them and that judgment may be given against them — keeping up the plural throughout the whole of the substántíal part of the petition. The writ was sued out against ¥m. M. Cooke alone, and service was made alone on him. The counsel for the defendant filed exceptions to the proceedings, on account of the variance between the petition and the writ. These exceptions seem to have been treated by the corfrt as a demurrer, and were overruled and final judgment given for the plaintiff below, for his debt and damages, although the defendant asked leave to set aside the judgment and sustained his application by an affidavit. The decision of the judge on the demurrer, his judgment and refusal to set it aside, are all presented to our consideration by a bill of exceptions. That the variance pointed out by the special demurrer was an objection well taken to the regularity of the proceedings, we believe, cannot admit of a doubt. It is true it was an error of that character that could be amended, and the province of the demurrer was to point out the defect, so that it could be amended. The cases to which our attention has been called by the appellee’s counsel from the Alabama reports cannot control the question before us; it is true that they show the rule in Alabama to be, that service on one member of the firm is service on all, but this was by the force of a statute. But even if the exceptions had not been well taken, it seems to us that the judgment on the demurrer should have been respondeat ouster. There has been for some years past, a decided tendency in courts of common law, where the boundaries between law and equity have been kept as distinctly as possible, to treat a demurrer at law as it is treated in chancery, only as an appeal to the court, whether the party should answer or not. There is with us in our blended system of practice much stronger inducement to put them on this footing. The court below is believed to have also erred in giving final judgment without the intervention of a jury.
In the case of Huff v. Bolger, Lamb & Co., decided in the supreme court of the republic, the note sued on was given in Hew York — so found by the special verdict of a jury — but the jury did not say what was, the interest in Hew York, the judgment was rendered for the debt, and five per cent, interest, being the interest of the court. It was reversed on error because the court could not judicially know the interest of another country until it had been ascertained as any other fact by the finding of a jury. In the case before us the note sued on was made in Philadelphia, yet the court without *(9) the finding of a jury gave final judgment. If there had been no other error than the one just pointed out, we should be compelled to reverse the judgment and remand to the court below; but as we believe the court also erred in its judgment on the demurrer, we shall reverse the judgment and the proceedings in the court below to the petition.