Mr. Justice Wheelee
delivered the opinion of the court.
On the trial, of this cause the plaintiff below, McCauley,. offered in evidence a note, set out and described in his petition, signed “John Bamsey, by C. J. Shannon, attorney.”' The defendant objected to its admissibility in evidence without proof of its execution. There being no denial under oath by the defendant Bamsay of his signature to the note, the court overruled the objection. There was judgment for the plaintiff, and the defendant appealed.
Was there error in the ruling of the court? The act of 1839, 4 Stat. p. 115, provides that when suit shall have been brought upon “ any bond, bill, promissory note,” etc., “ the execution of the instrument shall be regarded as proved,” unless the defendant or defendants “ shall have made oath before the court in which the case is pending, that he or they never executed *191 the said instrument nor authorized any person to execute it for him or them.”
There was no denial under oath to put the party upon proof of the execution of the note. The ruling of the j udge upon this point was therefore correct.
But there is now brought to our notice another question to which the attention of the court below seems not to have been directed.
The notes sued on appear to have been made in the state of South Carolina. There is in the petition no averment as to what is the rate of interest, or that any interest is allowable, by the laws of that state, upon the cause of action sued on. Yet the verdict finds the gross sum of “ eleven hundred and twenty dollars and fifty cents principal, interest and protest.” The question is, whether judgment can be rendered upon this verdict.
The cases of Huff v. Folger and Lamb, Dall. 530, decided by the late supreme court, and Cooke v. Crawford, 1 Tex. 9, a case in which I did not sit, decided by this court at the last term, are cited. In both those cases it appeared from the record that there had been no proof in the court below as to the rate of interest of the foreign country in which the notes sued on were executed. In this respect the present case differs materially from those cited. Here there is no statement of facts, and in such case we have repeatedly decided that we must presume that there was evidence sufficient to support the verdict, if under the pleadings such evidence would have been admissible.
The question then arises, could evidence of the rate of interest of South Carolina have been legally admitted without an averment? This *it is conceived is not now an open question.
The cases cited in effect decide that the courts of this country will not presume what is the rate of interest of a foreign country, or that any whatever is allowed by the laws thereof; but that the interests of a foreign state or nation is a matter of local regulation, and as such, is a fact which, to entitle a party to base a recovery upon, he must prove as any other fact. The principle of those decisions as applied to the present case is, that the court could not ex offieio take notice of the laws of South Carolina relating to interest, either know or presume *192 that by the laws of that state any interest was allowable on the notes sued on; and that, it appearing that the notes were executed in that state, interest u}3on them could not be allowed by force of the laws of this state, but only by the laws of the state in which they were executed. According to these decisions, then, the fact and rate of interest of South Carolina were the proper subject of an averment, essential to the right of the plaintiff to recover interest in the present case. And not having been averred, cannot be supplied by any presumption in favor of the verdict, since no evidence could legally; have been admitted of a fact not averred, upon which the plaintiff’s right to recover depended. It is not such an omission as can be cured by verdict. “The omission of alleging a matter in the pleadings which is essential to the action is' never cured by verdict.” 5 Bac. Abr. tit. “ Yerdict,” X.; 3 J. J. Marsh. 541.
Had the jury found the interest separately from the principal, we might have reformed the judgment by treating as sur-plusage so much of the verdict as related to the interest, and have given judgment for the principal sum. But as they have found a gross amount, and there is in the record nothing by which we can render certain the verdict as to the principal sum found, the error cannot be corrected in this court, but only by a new trial in the court below, where the plaintiff may so amend his petition, if he will, as to lay a foundation for proof of the interest allowable by the laws of the state of South Carolina.
Ye are of opinion therefore that the judgment of the district court be reversed, and the cause remanded for further proceedings.
Note by Mb. Justice WiieeleR.— On recurring to the record in this case, I perceived there was no direct and express averment that the note sued on was either made or payable in South Carolina, and I now think the judgment on that ground was correct. But upon the ground upon which the opinion proceeds, my subsequent reflections, and a reference to the case of Burton v. Anderson, 1 Tex. 96-7, have caused me to doubt its correctness. I did not sit in Burton ?. Anderson, and was not present when it was decided. My attention was not called to the distinction there taken when this case was under consideration, and it was inadvertently overlooked.