ALLEN HALEY ET AL. V. MOSES GREENWOOD & Co.

A plaintiff in execution moved for judgment against a sheriff and his sureties on account of the failure of the sheriff to return the execution; but in this original motion the plaintiff did not designate the sureties by name. (Paschal's Dig., Arts. 2502, 3796, 5103, 5106.) At a subsequent time, the plaintiff filed a second or amended motion for judgment against the sheriff and his sureties, on account of the failure of the sheriff to pay over money collected on the execution; and in this motion the names of six persons were designated as the sureties. (Paschal's Dig., Art. 3796, Note 884.) The citations, on which judgment by default appears to have been rendered, commanded the officer to summon four out of the six persons so named in the second or amended motion as sureties, but made no mention of the other two. The returns of the officer who served the citations state a delivery to each of the defendants of a copy of the "original petition" or motion, which, as before stated, did not designate who the sureties were: *Held*, that the service was defective, as it does not show or import that the sureties served and prosecuted to judgment were sufficiently notified as to who were the defendants to the motion; and that this defect is available in this court on writ of error to the judgment entered by default. (Cook v. Crawford, 1 Tex., 9; Frosh v. Schlumpf, 2 Tex., 422; Burleson v. Henderson, 4 Tex., 49, cited by the court; Paschal's Dig., Art. 1431, Note 543.)

The notice to a sheriff and his sureties, in a summary proceeding under the 10th and 23d sections of the execution law, may be served under the 96th section of the act to regulate proceedings in the district court, either by an officer or a private person, who makes affidavit of the service. (Paschal's Dig., Art. 1463, note 561.)

To make the sureties of a sheriff liable for money collected by him, he must have received the money before he was required by law to return the execution, and it devolves upon the plaintiff in execution, before he can entitle himself to judgment against the sureties, to show, by allegation and proof, that the money was received by the sheriff while the execution was in full force. If the money was paid to the sheriff by the defendant in execution after the return day, and the sheriff misapplied it or failed to pay it over to the plaintiff, the sureties are not liable. (Hamilton v. Ward, 4 Tex., 356, cited by the court; Paschal's Dig., Art. 3796, Note 884.)

ERROR from Hill. The case was tried before Hon. JOHN GREGG, one of the district judges.

The proceeding seems to have blended an effort to exact the penalty to which a sheriff subjects himself, for the non-execution of process, (Paschal's Dig., Arts. 2502, 5103, Note

1118,) with the remedy for a summary proceeding against the sheriff and his sureties, under the 1st section of the act of 24th May, 1838, better defining the duties of sheriffs, and the 23d and 10th sections of our law about executions, first, for a failure to levy and return the execution; second, for having collected the money and failed to pay it over. (Paschal's Dig., Arts. 3781, 3796, 5106, Notes 872 and 884.) But there was a great deal of *bungling* in the service. So far as any penalty for a contempt, under article 35 *a* of the Penal Code, could be enforced, it would have been improper to join the sureties. (Paschal's Dig., Art. 2502.) It is the opinion of the *Reporter* that this article supersedes the 7th section of the act of the 20th December, 1836, for the election of sheriffs, &c., so far as the amount of penalty and its destination are concerned; but the notice, the penalty for a false return, and the liability for damages, still remain, and because so much of it is still in force it is printed, as an act concurrently in force with the Penal Code. (Paschal's Dig., Art. 5103, Note 1118.) And for the same reason, the 1st section of the act of the 24th May, 1838, better to define the duties of sheriffs, has been retained, although substantially supplied by the 10th and 23d. sections of the act of 27th January, 1842, concerning executions. (Paschal's Dig., Arts. 3781, 3796, 5106, Notes 872, 884.)

It will be observed that the law of 1838 makes no mention of the sureties, but gives the same damages on the same notice, (Art. 5106,) while the law of 1842 includes the sureties, with the requirement of the same three days' notice. (Arts. 3781, 3796.) It is very apparent that in this proceeding the plaintiff commenced under articles 5103 and 5105 of Paschal's Digest, in which it was not necessary to mention the sureties, and that the amendments were under articles 3796 and 3781, in which it was intended to reach the same objects against the sheriff and sureties. The learned judge grouped the facts as intelli-

gibly as they well could be, but applied the law only about executions and the ordinary service of civil process.

The facts which controlled the rulings are given in the opinion of the court.

*A. Bradshaw,* for plaintiffs in error.

*J. W. Ferris,* for defendants in error.

DONLEY, J.—This was a motion by the defendants in error against the plaintiffs in error, as the sureties of C. Coulson, sheriff of Johnson county, for failing to pay over money collected on execution in favor of the defendants in error. A motion was filed by the defendants in error on the 2d day of April, 1857, against Coulson, alleging that in 1856—the precise date not stated—an alias execution was issued on the said judgment, with instructions by their attorney to levy immediately and make the money, and that the plaintiffs' attorney designated property and instructed the sheriff in person to levy and sell immediately. It was averred that the execution was returnable to the April term, 1857, of the District Court of Hill county; that the sheriff of Johnson county had failed to return said execution with his action thereon; that he had failed and neglected to make the money on the execution, and was in contempt of court. Judgment was prayed against the sheriff and his sureties, without naming them or alleging that they had executed any bond as his sureties.

On the 14th of August, 1857, the defendants in error filed an amended or new motion, in which it was alleged, that their agent, in October, 1856, sent to Coulson, the sheriff of Johnson county, the execution in their favor, with instructions to levy and make the money immediately; that the defendant in the execution had property which was liable to execution, and amply sufficient to

satisfy the process. It is averred that the execution was returnable to the preceding term of the court, and that the sheriff had failed to return the same with his action thereon; that he had made all the money due on the execution, about $351, with interest thereon from the 12th day of December, 1857, and $9 40 costs; that the plaintiffs demanded the money of the sheriff about the 1st of June, 1857, and that he had failed and refused to pay the same, except the sum of $255 25; and that the sheriff and his sureties are liable to pay to the plaintiffs the remainder of the debt, with ten per cent. interest. It is averred that the said sureties are legally liable as such upon the official bond of the said sheriff, conditioned and approved as the law directs. It is not averred, however, that the sureties executed the bond, and there is no amount stated in which the sureties are bound. A rule is prayed against the sheriff and his sureties, to show cause why the sheriff should not be fined as for contempt of court, and for judgment against him and his sureties for the remainder due on the execution, with ten per cent. interest per month thereon.

The transcript in this cause does not present clearly the action had in the case in the court below. It is believed that it was intended to make the second motion an amendment of the first. An order of court appears in the transcript, with reference to other proceedings had in the cause at the fall term, 1857, to the effect, that it appearing to the court that alias execution issued on the — day of October, 1856, to the sheriff of Johnson county, in favor of said Moses Greenwood and others, against M. L. Rucker, returnable to the preceding term of the court, and that the sheriff of Johnson county had failed to return the said execution, a fine of $100 is assessed against him for contempt of court, and that *scire facias* issue against him, returnable to the next term of the court, to show cause why such fine should not be made final. Upon this judgment a *scire facias* appears to have been issued on the

19th day of January, 1858, to the sheriff of Johnson county, commanding him to summon the said C. Coulson and his sureties, without naming them, to appear at the spring term, 1858, of the District Court of Hill county, to show cause why such judgment should not be made final.

In the motion of August 14, 1857, are given the names of Charles Coulson, as sheriff of Johnson county, and of Absalom Ledbetter, Wiley Long, John F. Lavarre, G. A. Rucker, James Haley, and Allen Haley, as the sureties on the official bond of the said Charles Coulson. The *scire facias*, which requires the sureties to be cited, but does not give their names, was returned executed on A. Ledbetter, W. O. Wright, Allen Haley, Wiley Long, Edmond Turper, James Haley, and G. A. Rucker, and returned not executed as to Charles Coulson and John F. Lavarre, it being stated that they are not residents of Johnson county. Though not stated, it is supposed that this return was made to the spring term, 1858, of the court.

On the 26th of April, 1858, four additional writs appear to have issued, in each of which the officer is required to cite Charles Coulson, sheriff, and John Lavarre, G. A. Rucker, James Haley, and Allen Haley, to answer the motion of Moses Greenwood & Co., a copy of which accompanies the writ for service. In none of these writs are the names stated of the parties to the motion in which the citation is attempted to be given.

It is provided by law that "the style of all writs and process shall be 'The State of Texas,' and shall be tested in the name of the clerk of the court from which it issued. It shall also state the names of the parties to the suit; the time and place of holding the court; shall be dated and signed by the clerk, with the seal of the court affixed." (O. & W. Dig., Art. 409; Paschal's Dig., Art. 1431, Note 543.)

It was held in Frosh v. Schlumpf, 2 Tex., 423, that a

party upon whom defective process has been served may appear and take advantage of it, *in limine*, by a motion to quash, or he may, upon writ of error, obtain a reversal of any judgment rendered by default in the suit.

In Cook v. Crawford, 1 Tex., 9, the suit was against William M. Cook and Gabriel S. Cook, who were alleged to be partners. The writ directed the sheriff to summon William M. Cook to appear and answer. It made no reference to Gabriel S. Cook, and it was served on William M. Cook alone. The counsel for the defendant filed exceptions to the proceedings on account of the variance between the petition and the writ. The court held the objection well taken to the regularity of the proceedings.

In Burleson v. Henderson, 4 Tex., 49, the suit was instituted by Governor Henderson, for the use of the State, against Nicholas Boyer, David Halderman, and Edward Burleson. A citation was issued for each defendant, requiring him to appear, &c. It was held that the statute requires all the defendants to be named in the writ, and, this provision being disregarded, the citations could not be sustained.

Article 1333 of Hartley's Digest provides that, "should any sheriff, or other officer, fail or refuse to pay over money collected under an execution, when demanded by the person entitled to receive the same, he shall be liable to pay ten per cent. per month on the amount so collected, besides interest and costs, which may be recovered of him and his sureties by motion before the court from which said execution issued, three days' previous notice being given." (Paschal's Dig., Art. 3781, Note 872.)

Article 564, of Oldham & White's Digest, provides that notices may be served by an officer authorized by law to serve original process in the court in which the suit is brought, or by any person who would be a competent witness, and every such notice may be served as an original writ, &c. (Paschal's Dig., Art. 1463, Note 561.)

In this case it would have been sufficient notice if the defendants had been furnished with a copy of the motion, with a writing stating the day the motion would be acted upon and disposed of by the court, and it is immaterial whether this fact be made to appear by the return of an officer authorized to serve the notice, or by a private citizen, verified by his affidavit. The writs have the return of the officer indorsed on them in this case. The first writ, dated January 19, 1858, does not give the names of any of the sureties who are to be cited; the sheriff is left to learn, as best he may, who are the sureties he is required to cite, and on this writ he does cite two parties, who do not appear to have any connection with the motion or the matters involved in this litigation.

If it were attempted to sustain the service, upon the ground that the motion gives to the parties on whom it is served information of the matter involved in the controversy, yet the further question arises, has he received a copy of the motion? It is believed that the record in this case does not show that such copies were received. The writ, with the endorsement upon it, shows only that the party had received a copy of a motion in which Moses Greenwood & Co. were plaintiffs, but gives no information as to who are defendants in the motion. The service in this case is manifestly insufficient.

If the service were insufficient, the motion could not be sustained against the sureties on the facts. To render the sureties liable, the sheriff must have received the money before he was, by law, required to return the execution. If the money was paid to the sheriff by the defendant in execution after the return day of the execution, and the sheriff misapplied the money, his sureties are not liable. (Hamilton v. Ward, 4 Tex., 363.)

There is no statement of the facts in the cause, and it cannot be said precisely when the money was received by the sheriff. If it had been averred that the money was

received on the execution before the return day, there being no statement of facts, the presumption would arise that the allegation was sustained by the evidence. In the event of the verdict being for the plaintiffs below, it could not be disturbed in the absence of a statement of facts, if the pleadings are sufficient to authorize it. It is averred that the sheriff made all the money upon the execution, and that the plaintiffs, on or about the 1st day of June, demanded the money, and that the sheriff failed to pay it, except the sum of $250, leaving a balance unpaid. The plaintiffs' motion of the 2d of April, 1857, is for not returning the execution, the return day having then passed, and it is averred that no money had been collected on the execution to that date, to the knowledge of the plaintiffs. It clearly devolved on the plaintiffs to show by allegation and proof that the sureties of the sheriff were liable. To do this, they must show that the money was received while the execution was in force; and this the plaintiffs have failed to do.

The judgment is reversed, and the cause

REMANDED.