## W. H. THOMAS AND OTHERS v. H. E. BROWDER AND ANOTHER.

1. The sureties of a sheriff are not liable for money paid to him by a judgment debtor after the return day of the execution held by the sheriff, (Hamilton v. Ward, 4 Texas, 356, cited by the court.)

2. Nor are the sureties of a sheriff liable for Confederate money received by him or his deputy on execution.

3. A payment of Confederate money on an execution in the hands of a sheriff was no payment at all, unless the plaintiff in execution had authorized its receipt by the sheriff.

4. A sheriff had the right to amend his return upon an execution; and the fact that a motion to amerce him was made before he amended his return only affected its credibility, not its competency. (Vaughan v. Warnell, 28 Texas, 119, and Haley v. Greenwood, 28 Texas, 680, cited by the court.)

5. A plaintiff in execution sought, in his original petition, to charge a sheriff and his sureties for the non-payment of money alleged to have been collected by the sheriff on the execution; but afterwards, and without abandoning his original petition, the plaintiff amended and charged the sheriff with misfeasance in office, and with gross neglect of duty for not having collected the money from the defendants in execution, who were alleged to be good and solvent men. *Held*, that the causes of action thus set up in the original and amended petitions are different, repugnant, and mutually destructive of each other. It is not decided, however, that the plaintiff might not, on payment of costs, have abandoned his original petition and proceeded on the causes of action alleged in his amendment.

6. An original petition and an amendment thereto must be taken together, and be regarded as parts of one entire exposition of the plaintiff's cause of action.

ERROR from Dallas.    Tried below before the Hon. A. B. Norton.

The facts are substantially disclosed in the opinion of the court. The execution was issued in July, 1861, returnable to the then ensuing November term of the court.

*J. K. P. Record,* for the plaintiffs in error.

---

---

No brief for the defendants in error.

WALKER, J.—The testator of the defendants in error, on the fourth day of June, 1861, obtained a judgment in the District Court of Dallas county, for the sum of one hundred and seventy-seven dollars and ten cents, against J. P. Jennings and J. D. Stratton. Execution issued, directed to Allen Beard, sheriff of Dallas county. Endorsements on the execution are as follows :

"Received, October 19, 1861, one hundred dollars in Confederate money.                    " WM. M. CHENALT,
                              " Deputy Sheriff D. C."·
"Received, January 1, 1862, on the within, fifty dollars.
                              "A. BEARD, Sheriff."
C. J. Browder gave a power of attorney to J. M. Browder on the thirty-first day of March, 1860, to collect the debt by suit or otherwise, and certain other things mentioned in the power ; and under this power J. M. Browder demanded the money, which the judgment against Jennings and Stratton called for, from Beard, the sheriff, which he refused to pay over. Suit was brought by C. J. Browder on the sixteenth day of April, 1866, against Beard and his securities, on his official bond. Pending the action in the district court, C. J. Browder has died, and the appellees, administrators with the will annexed, were made parties, and the securities of Beard, the sheriff, caused Chenalt, the deputy, and his securities to be made parties. His securities are not liable for the fifty dollars received by Beard after the execution which he held became *functus officio* (see Ward v. Hamilton, 4 Texas Reps., p. 356); nor are they liable for the one hundred dollars in Confederate money received by Chenalt, the supposed deputy. It was Confederate money, and therefore in no way discharged the plaintiff's original debt against Jennings and Stratton, unless the plaintiff in execution had authorized its receipt by the sheriff.

The sheriff had a right to amend his return, and the amend-

ment being made, after motion to amerce him, only affected the credibility of the return, not its competency. (See Vaughan v. Warnell, 28 Tex. Rep., 119, and Haley v. Greenwood, 28 Tex. Rep., 680.)

But another inquiry arises in this case. The original petition was filed on the sixteenth day of April, 1866, which seeks to charge the sheriff, Beard, and his securities, upon the allegation that Beard had collected the judgment on execution from Jennings and Stratton, and had refused and neglected to pay it over.

And on the twelfth day of December, 1867, an amended petition was filed, which charges the sheriff, Beard, with gross neglect of duty and misfeasance in office, for not having collected the money on execution, alleging that the judgment debtors, Jennings and Stratton, were good and solvent men. This, then, is an entirely different cause of action, and repugnant to that set up in the first petition. The original and amended petitions must be taken together, and become parts of one whole setting forth of a cause of action. The parts, then, are repugnant to and mutually destructive of each other.

We have examined the case of Ward against Hamilton, 4 Texas Reports, 356. In that case it was complained that the sheriff both refused to pay over the money and refused to return the execution, and the grounds of motion were not incompatible or inconsistent with each other. We will not say that the plaintiffs below might not have abandoned their first supposed cause of action, and upon payment of costs to date of filing amended petition have gone on with their cause set up in the amended petition. But we think, if the allegation in the petition be true, that the judgment debtors are solvent, the proper course would have been to revive the judgment against them if it had become dormant, and collect the money from them, as payment by them of Confederate money, unless willingly accepted, was no payment at all, and did not discharge the original judgment.

XXXIII—50

The judgment of the district court is reversed and the cause re-manded.

Reversed and remanded.