61 262
75 157
76 501

T. & N. O. R'y Co. v. MARY CROWDER.

(Case No. 1816.)

1. DAMAGES — MINORITY — CONTRACT.— The fact that a minor was employed as a brakeman by a railway company without the consent of his parent will not of itself authorize a recovery for damages resulting from injuries inflicted by the company in the course of his employment. A minor may make a contract which will create between himself and his employer the relation of master and servant, with the rights, duties and liabilities which attach to that relation.

Error from Harris.   Tried below before the Hon. James Masterson.

*E. P. Hill*, for plaintiff in error.

*F. F. Chew* and *W. P. Hamblen*, for defendant in error.

Stayton, Associate Justice.— This action was brought by Mary Crowder, joined by her present husband, to recover damages for injuries alleged to have been received through the death of her son by a former husband.   She alleged that her son was killed while in the employment of the railway company as a brakeman, and that his death resulted from the neglect of the company to keep its track in good condition.   She also alleged that her son was employed by the company as a brakeman without her consent and against her wish.

There is nothing in the record to show that the wound from which the son died resulted from any negligence of the company, or, in fact, to show how he came to receive the injury.   No one saw him at the time the wound was received.

The petition alleged that the earth had been removed from between the ties of the railway, at the place where the injury occurred, and that in consequence thereof the foot of the deceased became so fastened between the ties and under the rail that he could not disengage it, and that while so fastened the cars ran over his leg and crushed it.

It appears that during the day which preceded the night on which the injury was received, the road was in course of repair, which made it necessary to remove the earth from between the ties, and that this had not been replaced for want of time.

The deceased was working as brakeman in the company's yard at Beaumont, and it is not shown whether he knew of the condition of the track at that place, whether his injury resulted from its condition, nor from what cause the injury did result.

The deceased was over seventeen years of age, and it seems had been employed on other railways as brakeman, but that his mother was unwilling for him to be employed in that business; there is, however, no evidence tending to show that any agent of the railway had knowledge of this fact.

The court gave the following charges to the jury, and this is assigned as error:

1. " That a railroad company has no right to employ as brakeman (if that is a dangerous employment) a minor without the knowledge

or consent of the parents, without using care and attention as to his age; if negligent in that particular, and if injured while in such employ, and if injured while so employed without the knowledge or consent of the parents, the company is liable in damages."

3. "Whether or not there was any consent by plaintiff to defendant's employing her son as a brakeman, is for you to ascertain from a consideration of all the evidence. If you find there was no such consent, find for plaintiff; if you find there was such consent, find for defendant on that point; and then say from the evidence whether or not defendant company was negligent in tearing up its track; if so, and if said George was himself not negligent and received the injuries from defendant's car running over him,— if you find that was the cause of the injuries, then find for plaintiff on that issue; otherwise, find for defendant on that issue."

This action is brought under the statutes authorizing persons related to a person who comes to his death through injuries resulting from the negligence of persons or corporations engaged in designated businesses, to institute such actions. R. S., 2899–2909.

The charges above set out assume that the railway company was responsible in damages, without reference to whether it was negligent in any respect which contributed to the injury, if the son of the plaintiff was employed by the railway company without her consent.

This question was considered in the case of T. & P. R'y Co. v. Carlton, decided November 30th last, 60 Tex., 397 (3 Tex. Law Review, 40). In that case it was held that the fact that a minor was employed as brakeman by a railway company, without the consent of the parent, did not authorize a recovery; that a minor might make a contract, without the consent of his parent, which would create between himself and his employer the relation of master and servant, and with it the rights, duties and liabilities which attach to that relation. We see no reason to doubt the correctness of the conclusion reached in that case, and without again giving the grounds for the holding, for the reasons there given we so hold in this.

This ruling of the court below, which was made prior to the decision of the cause before referred to, being erroneous, will require a reversal of the judgment; and as the matters referred to in the other assignments of error are not likely to arise on another trial, they need not be considered.

REVERSED AND REMANDED.

[Opinion delivered March 7, 1884.]