## MISSOURI PACIFIC RAILWAY COMPANY v. PATRICK HENNESSEY.

### No. 2662.

1.  **Pleading—Negligence.**—A mere abstract proposition that defendant was guilty of negligence which resulted in injury to plaintiff is not sufficient; the act done or omitted constituting negligence must be averred.

2.  **Same.**—The testimony upon trial should be confined to the specific acts relied upon as negligence.    Evidence to other acts of negligence a ground for reversal.

3.  **Same—Exception to Rule.**—Where from the nature of the case the plaintiff would not be expected to know the exact cause or the precise negligent act, and where such facts are peculiarly within the knowledge of the defendant, it would be sufficient in a general way to allege the fact.

4.  **Irrelevant Testimony.**—Suit for personal injury suffered by· plaintiff by reason of the negligence of defendant in not signaling by bell or whistle the approach of the cars inflicting the injury, and by running at too fast speed.    The proof was that the negligent act was in the failure to have the place properly lighted.    *Held,* the tes- 'timony should have been confined to the allegations.

5.  **Irrelevant Testimony.**—Evidence that defendant, a few days after the injury, placed lights near the place, held irrelevant in suit for the injury.

APPEAL from Tarrant.    Tried below before Hon. R. E. Beckham. The opinion states the case.

*Finch & Thompson,* for appellant. — 1.  In a suit for damages the· plaintiff should not be allowed to insist upon distinct matters of negli- gence not alleged in his pleadings.  Kuhn v. Railway, 31 N. W. Rep., 268.

2.    If lights should be placed at a crossing of a railway immediately after an accident, it would be a harsh rule not recognized by our courts to allow proof of this fact as evidence of previous negligence upon the part of the railway company in the matter of said lights.  Railway v. Burns, 4 Texas Law Rev., 54.

*W. R. McLaury* and *Ball & McCart,* for appellee.—Negligence on the part of the defendant by which plaintiff was injured is the gist of the action.    It is not, however, absolutely necessary that each item or act should be averred in terms if such facts are stated in such terms as ₀ will raise a presumption of negligence.    An allegation specifying the act

constituting the injury, and alleging that it was carelessly and negligently done, is sufficient. Railway v. Hewett, 67 Texas, 473; Clark v. Worthington, 12 Pick., 571; Railway v. Mathias, 50 Ind., 66; Railway v. Keely, 23 Ind., 133; Railway v. Selby, 47 Ind., 441; Railway v. Nelson, 51 Ind., 150; Kessler v. Leeds, 51 Ind., 212; Pautan v. Holland, 1 Thomp. on Neg., p. 249; 2 Thomp. on Neg., secs. 25, 26.

COLLARD, JUDGE.—On the 10th of March, 1885, Patrick Hennessey filed this suit against the Missouri Pacific Railway Company, claiming damages in the sum of $15,000 for personal injuries received on the 10th day of August, 1884.

On the 27th day of September, 1887, Hennessey, by his next friend, filed his amended petition, in which it is alleged that he was walking upon a certain street (Front Street) in the city of Fort Worth on the 10th day of August, 1884, which street was intersected by the defendant's railroad track, the "Y," and switches thereof, the same being a public crossing; that while so walking, by the gross negligence of defendant and its servants "in running said train at a great rate of speed, and without giving the proper and necessary warning and signals, as was then required by the statutes of the State and the ordinances of the city, he (said Hennessey) was run over by defendant's train of passenger cars, so that thereby he was taken unawares, knocked down, his skull and divers members fractured," etc., for which the damages are laid at $20,000.

The second count in the petition avers that he was run upon by said cars while he was on the track and injured as aforesaid; that the "injuries were caused by the willful negligence of defendant's agents in failing to ring the bell and blow the whistle," and because of the great speed of the train, in violation of the statutes of the State and the ordinances of the city, and by the willful acts of defendant's agents "in failing to warn plaintiff of his danger, and in failing to stop the train before it reached plaintiff when they saw that he was about to be taken unawares and injured."

Defendant answered by general demurrer, general denial, and by plea of contributory negligence on the part of Hennessey in walking and sitting down on the track before a moving train of cars. Verdict and judgment for plaintiff for $12,500. After this, preceding defendant's motion for a new trial, Hennessey died, whereupon the administrator of the estate appeared to prosecute the case. After this the motion for new trial was overruled and the defendant appealed and assigned various errors.

Over the objection of defendant, witness for plaintiff, Geo. A. Barnes, was allowed to testify that there was no target light at the place where the accident occurred on the night of the occurrence, but that there was a post and light put just west of where the Y track crossed the street a few days afterwards.

The admission of this testimony was objected to and is assigned as error because not responsive to the pleadings.

It is elementary and statutory in this State that the petition shall set forth "a full and clear statement of the cause of action"—that is, the facts which constitute the cause of action. Rev. Stats., art. 1195; Ramsey v. McCanley, 2 Texas, 189; 11 Texas, 329; 28 Texas, 545; 22 Texas, 609; 24 Texas, 157. This is necessary in order to apprise the opposite party of the facts that are expected to be proved. A mere abstract proposition that defendant was guilty of negligence which resulted in injury to plaintiff would not be sufficient; the act done or omitted constituting negligence must be averred and proved. Hence it follows that an act done or omitted which is relied on to establish negligence must be alleged or proof of it will not be allowed.

Where from the nature of the case the plaintiff would not be expected to know the exact cause or the precise negligent act which becomes the cause of an injury, and where the facts are peculiarly in the knowledge of the defendant, he would not be required to allege the particular cause, but it would be sufficient to allege the fact in a general way, as that there was a defect of machinery or structure or want of skill in operating on the part of defendant or its servants, or some such fact as would give the defendant notice of the character of proof that would be offered to support the plaintiff's case. Railway v. Brinker, 68 Texas, 502; Williams v. Railway, 60 Texas, 206.

If an injury occurs under such circumstances that a negligent act on the part of the defendant can not be alleged or proved, and where no relation between the parties exists that demands immunity from injury, there can be no recovery. Railway v. Crowder, 61 Texas, 262; 70 Texas, 223.

In the case before us the act of negligence proved consisted of the failure of the defendant to have a light at the crossing, and this was shown by the fact that in a few days after plaintiff was injured a light was placed, presumably by the defendant, near the crossing where the accident occurred. The effect of the evidence was that defendant knew the light should have been there before and at the time of the accident, and that it was negligence not to have it there. The want of lights at the crossing was not a fact peculiarly within the knowledge of defendant and its servants; it was open to observation and might have been as well known to plaintiff and his witnesses as to defendant; it was easily proved, constituted a distinct act of negligence not alleged or relied on for a recovery in the petition, and was not admissible to show such negligence. The fact that it was dark, or that there was no light near the crossing, under the allegations made might have been proved as a circumstance in the case explanatory of the acts of both the parties, but not to show that it was the duty of defendant to keep the place lighted, or that it was

negligent not to have the light there. This could not be done in the absence of averment of the fact.

The admission of the testimony under the pleading was violative of another familar rule that the proof must conform to the allegations. Plaintiff in his petition particularly specified the facts constituting negligence—failure to ring the bell, to whistle, to give signals, to stop the train, and in running too fast, etc. The evidence should have been restricted to these allegations. It was good pleading on the part of plaintiff to set up every material fact upon which he relied for a recovery, but he would not be allowed to prove other material facts upon which the petition did not rely.

Before we dismiss the subject it would be proper to add that evidence of improvement made in the appliances and mode of operating a railroad after an accident should not be received as evidence of former negligence. For this reason the evidence that defendant, two or three days after the injury to plaintiff, put up a light at the crossing was inadmissible. It would be a bad rule that would discourage improvements on and in the use of a road. Railway v. McGowan, 73 Texas, 355; Patterson's Ry. Acc. Law, pp. 421, 422.

Under the circumstances we think other assignments need not be noticed.

For the error in admitting improper evidence prejudicial to defendant as herein pointed out, we conclude the judgment of the court below should be reversed and remanded.

*Reversed and remanded.*

Adopted November 19, 1889.