GARROW, McCLAIN & GARROW v. ALLEN et al. (No. 1618.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1924.)

1. Pleading 48—Petition must set forth full and clear statement of cause of action.

Statute and common law require the petition to set forth a full and clear statement of facts constituting the cause of action.

2. Pleading 8(17)—Mere abstract allegation that warehouseman guilty of negligence held insufficient.

A mere abstract allegation that defendant, a warehouseman, was guilty of negligence in handling cotton, which resulted in injury to plaintiff, is insufficient as against exception pointing out failure to state the concrete facts which caused damage and waste to the cotton.

3. Negligence 111(2)—Exception to rule requiring allegation of specific facts constituting negligence stated.

Where plaintiff cannot be expected to know the exact cause of the precise negligent act causing the damage which he seeks to recover and the facts are peculiarly within defendant's knowledge, plaintiff can allege the facts constituting the negligent act complained of in a general way, so alleging them, however, as to notify defendant of the character of proof to be offered by plaintiff.

4. Warehousemen 34(4)—Petition held to plead negligence insufficiently.

Petition for negligence in transporting and storing cotton held not to sufficiently state either specially or generally any acts constituting negligence so as to give defendant notice of the character of proof to be offered.

Error from Taylor County Court; D. G. Hill, Judge.

Action by R. D. Allen against Garrow, McClain & Garrow, a corporation, and another. Judgment for plaintiff, and named defendant brings error. Affirmed in part, but reversed and remanded as to named defendant.

Kirby, King & Overshiner, of Abilene, for plaintiff in error.

Davidson & Hickman and Wagstaff, Harwell & Wagstaff, all of Abilene, for defendants in error.

WALTHALL, J. R. D. Allen brought this suit against Abilene & Southern Railway Company and Garrow, McClain & Garrow, a corporation, to recover damages alleged to have been caused by their negligence in transporting, handling, and storing 84 bales of his cotton.

The petition alleged, and the uncontradicted proof showed, that on the 30th day of December, 1920, Allen delivered 84 bales of cotton to the above-named railway company at Abilene, Tex., to be transported by it to Houston, Tex., and there delivered to Garrow, McClain & Garrow, engaged in the factory and warehouse business, to be stored by said warehouseman pending sale of said cotton. The 84 bales of cotton reached Houston, and were received by Garrow, McClain & Garrow on the 7th and 8th days of January, 1921, and by that corporation kept and stored, except as hereinafter stated, until the 14th of July, 1921, when the cotton was sold.

The allegations of negligence in the petition are as follows:

"That in transporting said cotton and in storing and keeping the same in the warehouse as hereinabove set out the defendants carelessly and negligently handled said cotton, and by careless and negligent handling on the part of said defendants said cotton became damaged and wasted; that said cotton on account of such negligent handling was damaged to such an extent as to cause a loss of 2,428 pounds, and but for said damage said cotton would have been worth $12.40 per hundred pounds, which was the reasonable market value of said cotton at Houston, Texas, at the time same was sold by defendant Garrow, McClain & Garrow, and at the time same was injured; that on account of said damage so done by defendants 2,428 pounds of cotton was sold by defendant Garrow, McClain & Garrow at and for a price of one cent per pound, by reason whereof, the plaintiff was damaged in the sum of $259.67 on account of the damage to said cotton; that in addition to damaging said cotton and causing a loss to this plaintiff on account of the damaged condition the said defendant Garrow, McClain & Garrow, in whose possession said cotton was and whose duty it was to care for same, charged to this plaintiff the sum of $45.22 for picking said cotton, being labor performed on said cotton on account of the damages thereto, which damages were occasioned by the negligence of the defendants as herein set out. Said defendant withheld said sum of $45.75 from this plaintiff and charged the same to this plaintiff's account at the time it sold said cotton, to plaintiff's further damages in the sum of $45.75; that said defendant Garrow, McClain & Garrow charged to the account of this plaintiff and withheld from this plaintiff the sum of $42 for coverings on said cotton, which coverings, if actually put on said cotton and if actually needed on said cotton, were required to be placed thereon by the negligence of said defendants in damaging said cotton and permitting the same to become damaged as hereinabove set out, and that the defendants were in duty bound to recover said cotton if the same needed recovering on account of said damage, and said defendant unlawfully and wrongfully charged the same to the account of this plaintiff and unlawfully withheld said amount from this plaintiff to his further damage in the sum of $41.22, making a total damage to this plaintiff in the sum of $347.42, all of which damage to this plaintiff was occasioned by the negligence of the defendants in transporting and storing said cotton, and all said damage happened to said cotton while in possession of said defendants on account of failure of defendants to exercise the care required of them in transporting and storing said cotton."

Garrow, McClain & Garrow urged special exceptions to the petition on the grounds: That it states but a conclusion of the pleader, and does not apprise it of the exact damage claimed and the nature and extent of the same to each bale of cotton; that it does not state which of the defendants caused the damage complained of; that the pleading is indefinite and insufficient in that it fails to specify the amount of the damages and the cause of the damage charged against it, and the amount and cause of the damage claimed against the said railway company.

The court overruled the above special exceptions, and Garrow, McClain & Garrow excepted.

Garrow, McClain & Garrow also answered by general denial, and specially answered that said cotton was kept by it in waterproof warehouses constructed of concrete and steel so as to exclude all of the elements, sun, rain, and wind, and that the cotton was received by it in a damaged condition from exposure to such elements, and that it became necessary to pick and rewrap portions of said cotton to render it marketable, and to place new covers thereon, and that the charges of $45.22 for picking and $41.22 for recovering was a reasonable and proper charge for said services, and that the loss of 2,428 pounds arose from the necessity of picking said cotton, which was damaged when received.

The railroad company answered by general demurrer and general denial.

The case was tried with a jury and submitted upon special issues. The jury found that the cotton was not damaged by reason of any negligence of the railroad company while being transported from Abilene to Houston. The jury also found that the cotton was damaged by reason of the negligence of Garrow, McClain & Garrow while in its possession, and that the amount of money that would reasonably compensate Allen for the damages sustained to his cotton was $300. Upon the answers to the special issues the court rendered judgment in favor of the railroad company and in favor of Allen against Garrow, McClain & Garrow for $300, with interest from the date of the judgment.

### Opinion.

The petition alleged that all of the cotton was in good condition when delivered except 17 bales which were slightly damaged; that in transporting the cotton, and in storing and keeping the cotton in the warehouse defendants carelessly and negligently han-

dled the cotton, and that by careless and negligent handling the cotton became damaged and wasted. Evidently the allegations as to negligence in the transportation of the cotton refer exclusively to the railroad company, and negligence in storing, keeping, and handling the cotton had reference to plaintiff in error.

Are the allegations of negligence as to storing, keeping, and handling the cotton sufficient as against a special exception pointing out that the statements are but conclusions of the pleader, and insufficient to charge negligence in not apprising defendant (plaintiff in error) of the exact damage and waste and the nature, extent, or cause of same?

[1, 2] It is elementary and statutory in this state that the petition shall set forth a full and clear statement of the cause of action, that is, the facts which constitute the cause of action. A mere abstract proposition that defendant, a warehouseman, was guilty of negligence in handling the cotton which resulted in injury to plaintiff, is not sufficient as against an exception pointing out that the pleading does not state the concrete facts which caused the damage and waste to the cotton. The act done or omitted to be done upon which plaintiff relies to show a want of ordinary care in handling the cotton, that is, negligence, must be averred and proved. Missouri Pacif. Ry. Co. v. Hennessey, 75 Tex. 155, 12 S. W. 608.

[3] An exception to the above rule is where, from the nature of the case, the plaintiff would not be expected to know the exact cause of the precise negligent act which becomes the cause of the injury or damage, and where the facts are peculiarly within the knowledge of the defendant he would not be required to allege the particular cause, but it would be sufficient to allege the fact constituting the negligent act complained of in a general way, but such fact, though generally stated, must be so alleged as would give notice to defendant of the character of the proof that would be offered to support the case pleaded. Railway v. Hennessey, supra.

[4] We have concluded the pleading does not sufficiently state either specially or generally any acts constituting negligence to give the defendant notice of the character of proof that would be offered to support the plaintiff's charge of negligence.

In view of another trial we think it not necessary or advisable to express an opinion as to the sufficiency of the evidence to sustain any issue of fact which might be the fact relied upon by the defendant in error as constituting the negligent act causing the damage and waste. We note, however, that the court submitted to the jury no concrete issue of fact for the jury to determine, and from the determination of which it could be concluded whether plaintiff in error did or did not exercise ordinary care to prevent damage or waste to the cotton.

No fact showing a want of ordinary care in handling the cotton having been alleged or submitted to the jury, it would not be proper for this court to say that, had a certain fact or facts been alleged and submitted, whether the jury's finding of that fact is supported by the evidence, and sufficient to show negligence. We do not know what fact or facts the jury found, and from which they concluded negligence in handling the cotton.

There being no cross-assignment of error as to the disposition made of the Abilene & Southern Railway Company, the case is affirmed as to it, but reversed and remanded as to plaintiff in error, Garrow, McClain & Garrow.

Affirmed in part and reversed and remanded in part.