## TEXAS & N. O. R. CO. v. WALLACE.
### (No. 1223.)

(Court of Civil Appeals of Texas. Beaumont.
Oct. 22, 1925.)

**I. Trial ☞850(5)—Refusal to submit issue of proximate cause in connection with railroad's failure to give statutory signals held error.**

In action for value of horse killed by train, court's refusal to submit issue of proximate cause in connection with issue of failure of defendant to give statutory signals as it approached crossing *held* error where it was an issue whether giving of signals would have prevented accident.

**2. Railroads ☞446(13)—Issue of proximate cause, must go to jury to make actionable negligence in failing to signal.**

Failure to give statutory signals constitutes negligence as a matter of law, but usually issue of proximate cause must go to jury to make such negligence actionable.

**3. Pleading ☞362(2)—Allegation that defendant was guilty of negligence should have been stricken out as mere conclusion.**

In action for value of horse killed by train, allegation that defendant "was guilty of negligence" should have been stricken out on special exception as mere conclusion.

Appeal from Orange County Court; Ed. S. McCarver, Judge.

Action by F. B. Wallace against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. J. & C. T. Duff, of Beaumont, and D. C. Bland and Hollis Kinard, both of Orange, for appellant.

O. R. Sholars, of Orange, for appellee.

WALKER, J. [1, 2] In this case appellee recovered a judgment against appellants for the value of a horse killed by it on one of its public crossings in Orange county, Tex. The trial court submitted to the jury the issue of failure of appellant to give the statutory signals as it approached the crossing, which was answered in the negative. But though the charge was duly excepted to for the omission and a special charge requested submitting such issue to the jury, the court failed to submit the issue of proximate cause. Under the evidence, it was an issue whether the ringing of the bell or the blowing of the whistle would have prevented the accident. The proof of appellant was to the effect that the horse ran in front of the train just as the engine hit it. The failure to give the statutory signals constitutes negligence as a matter of law, but in most cases the issue of proximate cause must go to the jury in order to make such negligence actionable.

Railway Co. v. Harrington (Tex. Civ. App.) 209 S. W. 685.

The other questions on the issues of negligence requested by appellant should have been submitted.

[3] Also, though appellee's pleadings were oral, the court should have sustained appellant's special exception thereto. An allegation that a defendant "was guilty of negligence"—and that was all appellee pleaded—should be stricken out on special exception. The plaintiff must plead the facts of his case, and not mere conclusions.

We would say, in conclusion, that on another trial, unless appellee strengthens his case, a verdict should be instructed for appellant, since the issue of failure to ring the bell and blow the whistle was not raised.

Reversed and remanded.