as qualified by the court, fails to show that the plea was entered through improper influence. The judgment is affirmed.

---

**1**

Ralph O'SHAY v. STATE. · (No. 10385.) (Court of Criminal Appeals of Texas. June 25, 1926.) Appeal from District Court, El Paso County; W. D. Howe, Judge. W. M. Peticolas, Jr., of El Paso, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is receiving and concealing stolen property; punishment fixed at confinement in the penitentiary for a period of five years. Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

---

**2**

· W. E. PRESTON v. STATE. (No. 10278.) (Court of Criminal Appeals of Texas. June 23, 1926.) Appeal from District Court, Childress County; R. L. Templeton, Judge. W. B. Howard, of Childress, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. Upon an indictment for murder, appellant was convicted of negligent homicide in the second degree; punishment fixed at confinement in the county jail for a period of 60 days. The record is void of bills of exceptions. It appears in the statement of facts that the deceased came to his death through the discharge of a pistol in the hands of the appellant. No brief has been filed. Our examination of the facts adduced upon the trial leaves us of the opinion that the evidence sufficiently supports the verdict. A recital of the facts is deemed unnecessary. The judgment is affirmed.

---

**3**

Ed WADE v. STATE. (No. 10343.) (Court of Criminal Appeals of Texas. June 16, 1926.) Appeal from District Court, Cherokee County; C. A. Hodges, Judge. Bates & Edwards, of Nacogdoches, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

---

**4**

· GARROW, McLAIN & GARROW, a Corporation, v. R. D. ALLEN.. (No. 1879.) (Court of Civil Appeals of Texas. El Paso. June 10, 1926. Rehearing Denied June 24, 1926.) Appeal from Taylor County Court; Carlos D. Speck, Judge. Kirby, King & Overshiner, of Abilene, for appellant. Davidson & Hickman, of Abilene, for appellee.

WALTHALL, J. This is a suit by appellee to recover damages, and upon trial judgment was rendered in his favor for $364.48, and the defendant, a corporation, appeals. This is the second appeal. The opinion upon the former appeal sufficiently states the nature of the action. See 260 S. W. 887. The appellant complains of the admission of certain evidence; failure to define the word "good" in the special issue submitting the question of whether the cotton was in good condition when delivered to defendant; that the submission of some of the issues was confusing, because they were submitted conditionally upon the answers returned to others; and, further, that the evidence is insufficient to support the findings and judgment. In our opinion, the matters complained of·present no error. They relate to nothing novel, and call for no discussion. The case is one of fact, and the evidence supports the findings and judgment. The judgment should be affirmed; and it is so ordered.

---

**5**

KOST FURNITURE CO., Appellant, v. COPPES BROS. & ZOOK, Appellees. (No. 3236.) (Court of Civil Appeals of Texas. Texarkana. April 22, 1926.) Appeal from County Court at Law, Harris County; Roy Scruggs, Judge. Hawkins & Mathis, of Houston, for appellant. Cole, Cole & O'Connor, of Houston, for appellees.

HODGES, J. This appeal is from a judgment rendered in the county court at law of Harris county against the appellant on a merchandise account. The only question of importance presented in this appeal is the admissibility of· a letter apparently written by the appellant, signed with a typewriter. The letter upon its face assumed the payment of the debt, and was the basis of the action. No plea denying its execution under oath was filed, as required by statute. When offered in evidence upon the trial, the appellant objected, on the ground that the signature to the letter had not been proven. The appellee undertook to prove that by circumstances, and we think the evidence offered was sufficient. The judgment will be affirmed.

---

**6**

A. J. NICHOLS, Appellant, v. Gus VOGT, Appellee. (No. 3211.) (Court of Civil Appeals of Texas. Texarkana. June 11, 1926. Rehearing Denied June 17, 1926. Appeal from Harris County Court; Murry B. Jones, Judge. Maurice Hirsch and Allen Hannay, both of Houston, for appellant. W. G. Love and Wagner & Wagner, all of Houston, for appellee.

HODGES, J. The appellee sued and recovered a judgment against the appellant on a promissory note made by the latter to the former for $500. The execution of the note is admitted, but as a defense the appellant alleged that it was secured by false representations as to the value of some stock in a corporation which the appellant was induced to purchase. The facts show, without dispute, that the consideration of the note was $500 in money loaned by the appellee to the appellant. It was used by the appellant for the purchase of stock in a corporation which he alleged proved to be worthless. The appellee was not in any manner interested in the purchase of that stock. He merely loaned the appellant the money which the latter used in that transaction. The judgment is affirmed.