## TEXAS COCA-COLA BOTTLING CO. v. KUBENA.

### No. 1703.

Court of Civil Appeals of Texas. Eastland.

Oct. 22, 1937.

Rehearing Denied Nov. 19, 1937.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

John E. Sentell, of Snyder, for appellee.

LESLIE, Chief Justice.

Jim Kubena instituted this suit against the Texas Coca-Cola Bottling Company to recover damages suffered by him by reason of injuries sustained from drinking a bottle of Coca-Cola purchased from a retail dealer with whom that company had placed said product for sale to the public. It is alleged that the bottle of Coca-Cola purchased and drunk by the plaintiff contained a partly decomposed mouse. That immediately after drinking from the bottle he became extremely sick, vomited, etc. That the effects endured for a considerable time thereafter.

The defendant answered by a general demurrer, special exceptions, general denial, etc. The trial before the court and jury resulted in a verdict and judgment for plaintiff, and the defendant appeals.

The plaintiff alleged as bases for recovery against the defendant five grounds of negligence, namely: (1) Putting the bottle of Coca-Cola on the market with a dead mouse therein, knowing that in the usual course of business it would be offered for sale for human consumption; (2) in filling, capping, and putting the bottle of Coca-Cola on the market without having first removed from said bottle the mouse; (3) in failing to properly sterilize the bottle before refilling; (4) in failing to proper-

ly inspect the bottle after it was filled and capped; and (5) in putting the bottle of Coca-Cola on·the market for sale through a retailer to the public without knowing the same to be fit for human consumption.

At the conclusion of the testimony, the court submitted special issues, in answer to which the jury found: (1) That the plaintiff drank from the bottle of Coca-Cola at Hermleigh, Tex., on or about September 27, 1933; (2) that the bottle contained part of a dead mouse; (3) that the contents of the bottle caused an injury to the plaintiff; (4) that the bottle from which plaintiff drank was delivered to J. W. Harkins' store for human consumption by the defendant; (5) that the dead mouse was in said bottle at the time it was so delivered by the defendant; (6) that the defendant was negligent in delivering the bottle of Coca-Cola containing the dead mouse to J. W. Harkins' store for human consumption; (7) that such negligence was the proximate cause of the plaintiff's injury; (8) that the defendant company bottled the dead mouse in the bottle of Coca-Cola from which the plaintiff drank; (9) that the defendant was negligent in so bottling the dead mouse; (10) that such negligence was the proximate cause of the injuries to the plaintiff; (11) $300 was the resulting damage. In response to special issue No. 12, the jury found that the dead mouse did not get into the bottle of Coca-Cola after it was delivered by the defendant to J. W. Harkins' store. Obviously, all grounds of negligence alleged were not submitted to the jury.

Once before the case has been before this court on issues involving a plea of privilege. 90 S.W.(2d) 605.

As indicated, the plaintiff pleaded alternative grounds of negligence. The appellant's first proposition presents the contention that the trial court erred in overruling various special exceptions to the plaintiff's original petition raising the following questions: (1) That the allegations therein are but "conclusions" of the pleader; (2) that they are "vague, uncertain and indefinite"; (3) that they do not set out how or in what manner the defendant was negligent; (4) that they do not apprise the defendant of the proof to be offered in support thereof; and (5) that the allegations are of a "general and speculative nature."

The gist of the appellant's contention is that the said allegations are too general, and are mere statements that the defendant was guilty of negligence, without stating how or in what manner it was negligent. In support of the proposition, the appellant's brief cites the following authorities: 30 Tex.Jur. 788, § 117; Missouri Pacific R. Co. v. Hennessey, 75 Tex. 155, 12 S.W. 608; Garrow v. Allen (Tex.Civ.App.) 260 S.W. 887, 889; Negociacion, etc., v. Love (Tex.Civ.App.) 220 S.W. 224; Texas & N. O. Ry. Co. v. Wallace (Tex.Civ.App.) 277 S.W. 708; Knight v. Lewis (Tex.Civ. App.) 283 S.W. 542; Turner v. Big Lake Oil Co. (Tex.Civ.App.) 62 S.W.(2d). 491; Warren v. La Salle Co. (Tex.Civ.App.) 262 S.W. 527, 530; Texas & N. O. Ry. Co. v. Conn (Tex.Civ.App.) 30 S.W.(2d) 939; Indemnity Ins. Co. of N. A. v. Jones (Tex. Civ.App.) 299 S.W. 674, 675.

Undoubtedly these authorities state the general rules of correct pleading, but a careful examination of the plaintiff's petition convinces us that its allegations come reasonably and substantially within said rules. Each ground of negligence is sufficiently definite and specific under the authorities. Texas Coca-Cola Bottling Co. v. Kubena (Tex.Civ.App.) 90 S.W.(2d) 605; Dunn v. Texas Coca-Cola Bottling Co. (Tex.Civ.App.) 84 S.W.(2d) 545, and cases cited in each opinion; Brown Cracker & Candy Co. v. Jensen (Tex.Civ.App.) 32 S.W.(2d) 227; Liggett & Myers Tobacco Co. v. Wallace (Tex.Civ.App.) 69 S.W. (2d) 857.

Appellant's second proposition presents that the trial court erred in refusing to grant its request for a peremptory instruction on the grounds that: (1) There was no negligence pleaded; (2) no proof of negligence; (3) res ipsa loquitur had no application; and (4) neither did implied warranty. Since the judgment does not rest upon any theory of implied warranty that contention is immaterial. The applicability of that rule of law to such state of facts has heretofore been considered by this court in an opinion by Justice Funderburk, in Dunn v. Texas Coca-Cola Bottling·Co., 84 S.W.(2d) 545. See, also, F. W. Woolworth Co. v. Wilson (C.C.A.) ·74 F.(2d) 439, 98 A.L.R. 681.

In response to proposition 1 we held the pleadings sufficient. An examination of. the statement of facts discloses that the specific grounds of negligence submitted are amply supported by the testimony.

Propositions 3 and 7 are in substance the same. They have been considered, but believing them to be without merit we overrule them.

■■ The fourth and fifth propositions are substantially the same, complaining respectively of the court's definition of "negligence" and "ordinary care." In each respect the court's charge applied to, or required of the appellant that degree of care which an ordinarily prudent person engaged in the same kind of business would have exercised under the same or similar circumstances. Nothing more nor less should have been exacted of the appellant. The definitions were given sufficiently specific application to the concrete facts considering the charge as a whole. As said in Taylor v. White (Tex.Com.App.) 212 S.W. 656, 657: "The custom of others engaged in like business is not the absolute test of negligence." A contention in substance the same as here made was overruled in Coca-Cola Bottling Co. v. Smith (Tex.Civ.App.) 97 S.W.(2d) 761, 762, 768 (8).

■ Further, in respect to this contention the trial court removed all possibility of harm, if any, arising from the wording of these definitions as given. An additional explanation in connection therewith was given in the following language and without objections from either party: "You are further instructed that by the term 'ordinary care', as hereinabove defined, does not mean that the defendant is an insurer or guarantor of the fitness of its products, but the defendant is required to use that degree of care and caution that an ordinary prudent bottler would have exercised under the same or similar circumstances in the manufacture of its product."

■ By proposition 6 it is asserted that special issue No. 4 was "duplicitous", and for that reason should not have been submitted by the court. It is obvious that the issue was designed to have the jury determine whether or not said bottle of Coca-Cola was delivered by defendant to Harkins' store for human consumption. The evidence appears to be conclusive that it was manufactured and so delivered for that purpose. But, if it be conceded that there was an issue as to whether it was delivered for human consumption it would

necessarily follow from the testimony that all the other elements of the issue were established by the uncontroverted testimony, and no error would therefore be presented by this assignment. City of Abilene v. Moore (Tex.Civ.App.) 12 S.W. (2d) 604 (writ refused). As said in Austin v. De George (Tex.Civ.App.) 55 S.W.(2d) 585, 587: "It has been held in numerous cases that, even though an issue as submitted to the jury involves more than one question, yet, if the evidence is undisputed on all questions involved therein except one, the issue is not multifarious." Citing many authorities, to which we add Sweetwater Progressive Mut. Life & Accident Ass'n v. Allison (Tex.Civ.App.) 22 S.W. (2d) 1107 (4); Gulf, C. & S. F. Ry. Co. v. Harrell (Tex.Civ.App.) 270 S.W. 187; Texas Employers' Ins. Ass'n v. Drummond (Tex.Civ.App.) 267 S.W. 335; Id. (Tex. Com.App.) 279 S.W. 1116; Traders & General Ins. Co. v. Blancett (Tex.Civ. App.) 96 S.W.(2d) 420 (6).

The appellant in its brief states that proposition 8 "has to do again with the same argument as advanced under appellant's proposition two herein, to-wit, the issue of failure to give defendant's peremptory instruction." The argument in its brief under this proposition carries the additional observation "In the particular case plaintiff made no attempt in any portion of the testimony to show that the defendant had been guilty of failure to use ordinary care. The finger of suspicion was not even remotely pointed at any particular instance or circumstance wherein the defendant had been found wanting." In its brief appellant emphasized under this and other propositions the contention reflected by the above excerpt.

Our conclusions upon the matters of pleading and testimony throughout this opinion require that this proposition be overruled. As authority for so holding we again call attention to the opinion of Dunn v. Texas Coca-Cola Bottling Co., supra, and the opinion in this case upon the former appeal. In those opinions will be found a discussion of the facts and circumstances disclosing negligence, or giving logical inference of the existence of the same in this type of case.

For the reasons assigned, the judgment of the trial court is affirmed.