GRACIE POTEET, BY NEXT FRIEND, v. BLOSSOM OIL & COTTON COMPANY.

Decided January 8, 1909.

**Injuries to Children—Dangerous Premises—Negligence of Parent as Defendant's Servant—Concurrent Negligence.**

A petition for recovery for personal injuries to a minor four and one-half years old, whose foot was caught in a seed conveyor in the seed room of defendant, a cotton oil manufacturer, alleged negligence in that the machinery was dangerous and attractive to children, and that plaintiff was invited on the premises, and due care was not used for her protection by defendant's servants while there, the specific facts shown being, that plaintiff's father was foreman in charge of the seed room; that she was brought there by her mother who brought the father his dinner; and that both parents neglected to look after and keep her out of danger. Held (1) that the fact that the foreman owed also a parental duty to plaintiff did not relieve defendant from liability for his neglect of a similar duty owing in the capacity of defendant's servant; (2) that it could not be assumed by defendant's agents that the child was being looked after by the mother, in the face of an allegation that the foreman, the father, knew that the mother had abandoned its care and become otherwise engaged; (3) that the plaintiff was too young to be charged with her personal negligence; (4) that the negligence of the parent could not be imputed to the child in an action by the latter; (5) that the neglect of the parents as such could not be held the sole proximate cause of the injury, the father's default being at the same time in a duty owed by the defendant, and an omission of duty by defendant being actionable though the negligence of others (of the parents in their parental relation) concurred with it in proximately causing the injury; (6) that a demurrer to the petition was improperly sustained.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*J. S. Patrick* and *Burdett & Connor*, for appellant.—The facts alleged in the petition show that at the time plaintiff was injured she was in the seed room of defendant on the invitation of the defendant,

both express and implied, and it was the duty of the defendant to so guard its dangerous machinery, and to so guard her from said machinery, as to avoid injury to her. Texas & P. Ry. Co. v. O'Donnell, 58 Texas, 44; Dallas, etc., Ry. Co. v. Dunlap, 7 Texas Civ. App., 474; Texas Trunk R. Co. v. Johnson, 75 Texas, 161; Dillingham v. Russell, 73 Texas, 47; Dublin Cotton Oil Co. v. Jarrard, 40 S. W., 531, 91 Texas, 289; Union Pac. Ry. Co. v. McDonald, 152 U. S., 260.

Plaintiff was not a trespasser on the premises of the defendant, and the defendant owed her the duty of protecting her from injury by its dangerous and exposed machinery while she remained there; and it owed her a higher degree of care than it would have owed to one sui juris under the same circumstances. Texas & P. Ry. Co. v. Fletcher, 6 Texas Civ. App., 738; Dublin Cotton Oil Co. v. Jarrard, 40 S. W., 531; Cook v. Navigation Co., 76 Texas, 358.

Even if plaintiff were technically a trespasser, when the employe of the defendant in charge and control of its seed room saw her and knew she was there in close proximity to the seed conveyor, it became his duty, as the agent of the defendant, to take steps for her protection by warning her of her danger and removing her from the seed room where said conveyor was in operation, notwithstanding the fact that such employe of defendant was the father of plaintiff. North Texas Con. Co. v. Bostick, 83 S. W., 13.

If the act of the mother of plaintiff in carrying her into the seed room was negligence, and if the conduct of her father in permitting her to be brought there and to remain there was negligence, such negligence on the part of her father and mother can not be imputed to the plaintiff, and she can not be deprived of her property right, the right of action against the defendant, by the negligent or wrongful acts and conduct of them, or either of them. Texas & P. Ry. Co. v. Fletcher, 6 Texas Civ. App., 738; Western U. Tel. Co. v. Hoffman, 80 Texas, 423; Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 361; Texas & P. Ry. Co. v. Kingston, 30 Texas Civ. App., 24; Galveston, H. & H. Ry. Co. v. Moore, 59 Texas, 64; Westbrook v. Mobile & Ohio R. R. Co., 14 Am. St. Rep., 587; South Covington, etc., Ry. Co. v. Herklotz, 47 S. W. (Ky.), 265; Barnes v. Shreveport City R. R. Co., 49 Am. St. Rep., 400, and especially the notes to that case, where the whole subject is fully discussed; Erie City Passenger Ry. Co. v. Shuster, 57 Am. Rep., 471, and especially the note, which is a strong presentation of the question of imputed negligence; Texas & P. Ry. Co. v. Fletcher, 6 Texas Civ. App., 738, 739; Cook v. Navigation Co., 76 Texas, 358; Evanisch v. Ry. Co., 57 Texas, 127; Union Pac. Ry. Co. v. McDonald, 152 U. S., 260.

*Moore, Park & Birmingham,* for appellee.—Appellee can not be held liable for plaintiff's injuries on the ground that she was expressly invited into the oil mill and seed room by defendant, its agents and employes; nor can it be held liable on the ground that the machinery and place was unusually attractive to children, because it distinctly appears from the allegation of the petition that she was carried into the mill by her mother, not an employe, and the doctrine of implied invitation does not apply when the child is carried into the premises

by its parent or other person, and is not induced to enter by the attractiveness of the place or machinery. The plaintiff being on the premises and in the seed room of .defendant at the time it was injured without defendant's invitation, express or implied, defendant did not owe plaintiff the duty of guarding its premises and machinery, even though she may have been a child of very immature discretion. North Texas Construction Co. v. Bostick, 98 Texas, 239 to 242.

The law furthermore imposes no duty upon the owner of premises to use care to keep his property in such condition that persons going thereon without his invitation may not be injured: Dobbins v. M., K. & T. Ry. Co., 91 Texas, 62; Isbell v. Haywood Lumber Co., 47 Texas Civ. App., 345.

In order to hold the appellee guilty of actionable negligence in this case, appellant must have alleged not only the existence of a duty on the part of the oil mill company and its employes to exercise the precautions alleged to have been neglected, but she must have alleged facts which showed that such duty was due to her at the time or while she remained or loitered in the seed room of defendant. St. Louis S. W. Ry. Co. v. Davis, 110 S. W., 942. The defendant company was under no greater duty to keep its premises safe for children who are trespassers or bare licensees not invited or enticed by it, than it was to keep them safe for adults. Id., 942.

LEVY, ASSOCIATE JUSTICE.—Appellant, a minor, brought this suit by next friend to recover damages for personal injuries alleged to have resulted from the negligence of the appellee company.

The court sustained a general demurrer to the petition, and entered judgment in favor of the appellee; and to have the ruling revised the case is on appeal.

The petition states, substantially, that the plaintiff at the time of her injury was four and one-half years old, and too young to know and understand the danger of going in and about an oil mill and to understand and obey any caution or warning that may have been given her by others regarding such danger; that appellee, a private corporation, operates an oil mill and uses for the purpose a large building divided into rooms and apartments, in each of which is situated and operated dangerous machinery. One of the apartments is used for receiving and storing cotton seed to be ground, and situated therein are seed conveyors, pulleys, belts, elevators and divers other pieces of machinery attractive to children. That the seed conveyor is located on the floor of the room, and was especially dangerous to children, and that the danger therefrom was hidden. That the plaintiff's father, at and previous to the time of the injury to the plaintiff, was employed by the company, and was in charge and control of the seed room. On the day of the injury plaintiff was carried by her mother—as had been done on many days prior thereto—to the oil mill and into the seed room, where her father was at work; the purpose of her visit being to carry the father's dinner for him to eat. That while in the seed room the plaintiff was permitted to wander about over the seed room and among the machinery. She had gone near and was approaching in the direction of the seed conveyor, and on

the opposite side from where her mother was. At the time the mother was assisting in the performance of the father's labor and shoveling seed into the conveyor. That "said B. F. Poteet knew where she was and what she was doing." Suddenly plaintiff heard her mother cry out as if in alarm; and thinking that the latter was in danger of being injured by the fall of a large pile of seed, and not appreciating the danger to herself in doing so, she, the plaintiff, attempted to pass over the seed conveyor and stepped upon what appeared to be a solid foundation over the same made by a plank placed on the top of said seed conveyor, when suddenly her foot passed through an opening in the plank which had been obscured by the accumulation of cotton seed, and was caught by a large, spiral-shaped piece of machinery and was permanently injured. It was specifically alleged that "on the day the plaintiff was injured, and on many occasions prior thereto, she visited said oil mill and the aforesaid seed room with the full knowledge, acquiescence and consent of the officers, agents and employes, and at the special instance and request of some of them."

*After stating the case.*—In pleading negligence, arising from the wrongful conduct of another, it is essential that the petition shall contain an allegation of duty owing by the defendant to the plaintiff, or facts and circumstances from which such duty can be inferred, and a failure in the performance or an imperfect performance of such duty by the defendant, and that such failure or breach of duty was a natural and proximate cause of the injury and damage to the plaintiff. Appellee's counsel, with signal force and ability, contends that the petition in this respect is not sufficient in law to withstand the demurrer.

By the petition a child of four and one-half years old claims that she was in the seed room of the appellee, where dangerous machinery was located, among hidden dangers, by the invitation and permission of the officers, agents and employes of the company, and "at the special instance and request of some of them." If, as alleged, the appellant visited the seed room on the occasion of her injury "at the special instance and request" of some of the employes of appellee, authorized to give consent by their agency, then clearly the appellant's claim would be sustained that she was and remained in the seed room and place of injury at the time of the injury by invitation of the appellee. But the ruling on the demurrer can not be here rested, as the controlling questions arise on the particular facts averred. The case is not a case in which the parent or guardian or protector of the infant injured is not present when the injury occurs. As shown by the facts alleged, the appellant was carried by her mother to the seed room of appellee, the purpose of the visit being to carry dinner to B. F. Poteet, who was an employe of appellee and at the time at work in the seed room and having full charge and control of the same, and who was by regulations of the company required to continue work at the noon hour. B. F. Poteet was the father of the child. She was permitted to enter and remain in the seed room, where it was dangerous at all events for persons of her age and intelligence to be. While remaining in the seed room she was abandoned by the mother,

and permitted to "wander around the seed room" and among the dangerous machinery and into hidden danger, and was injured; and B. F. Poteet, the person in charge of the seed room, knew and saw that the child was in and intruding into danger. Viewing the conduct of appellant in the light of her tender age, she was without free agency as to her presence in the seed room, and for that reason and on that account she would not, in her legal right, be regarded as a trespasser or intruder within the meaning of the law. Rather would the precise facts show consent on the part of the employe of appellee in charge of the seed room for appellant to remain there; and, further, by reason of her immature age, the court would not declare, as a matter of law, that she was guilty of contributory negligence in "wandering in the seed room among dangerous machinery" or remaining in the seed room. Thompson on Negligence, supplement, sec. 1430; Evansich v. Gulf, C. & S. F. Ry., 57 Texas, 126. That it was the duty of the company not to knowingly permit appellant to remain in the seed room if her being there at all and unattended was dangerous to her is not doubted as a well settled proposition of law. Poteet being intrusted by the appellee with the control and management of the seed room, it is a fundamental principle of agency that his act in inviting or permitting appellant to remain in the same, though wrongful as to and unauthorized by appellee, imposed upon appellee the legal duty towards her of exercising the proper care for her safety, and fastened upon it the responsibility of his failure or imperfect performance of that duty towards her. This rule of agency has been generally applied in the numerous cases. It is sufficient to quote from the case of Cook v. Houston Direct Navigation Co., 76 Texas, 353, an infancy case, "but we think it was the duty of the company not to permit them on board, if their presence there was dangerous. When the company left the management of the boat to its servants the duty devolved upon them, and it can not be permitted to say that their action in allowing the children on the boat was contrary to orders, and that it is not liable. A master is liable for the wrongful acts of his servant's doing within the scope of his authority, although they be done in disobedience of express orders." We can see no valid reason or legal principle why this instant case, being one sounding in tort and based on the misfeasance of an agent, should be an exception to this rule of agency, or *respondeat superior*. It is immaterial, and does not in the least affect or change the rule, that the agent in charge of the seed room also at the same time owed a parental duty of care and attention to the child. The appellee was constructively present through its representative, and never absent, during the time he was in the seed room in charge and control thereof. A person may combine within himself a dual relation or capacity, the responsibility of the particular principal for the agent's wrongful acts being on the ground that his acts or omissions are within the powers of his agency and the proximate cause of the injury. In McCord v. Western U. Tel. Co., 39 N. W., 315, one person was agent of the telegraph company and also agent of the express company; in Jasper Trust Co. v. Kansas City, M. & B. Ry., 14 So., 546, the agent had two principals; and other cases of dual relation when the rule was applied. It is

enough to bring this case within the rule that the agent in charge of the seed room knowingly permitted the child to remain there where it was in danger of injury; wherein lay the neglect of the appellee to perform a duty required by law, acting through an agent whom it had delegated to perform it. It remains evident that the particular act of the agent, as alleged, was within the general scope of his pow-ers, and that an action on the footing of negligence could be rested against appellee on such doings and omissions, by appellant suing in her own right. The responsibility of appellee would depend upon whether the acts and omissions of its employe were the proximate cause of the injury; and this is discussed herein later on.

There does not arise in these circumstances, nor could there be successfully or properly founded on such facts, a legal contention on the part of the appellee, as showing the absence of actionable negligence, that it had the right to assume, until the contrary appeared and was known or seen, that the appellant was being cared for and tended to by the mother while remaining in the seed room. The precise facts show that the mother after getting in the room began to assist the father in the work and "was shoveling cotton seed," and the child was by her abandoned and permitted to wander around the room among the dangerous machinery, which fact was well known to and seen by Poteet, the person in charge of the seed room. Neither does it appear, as against a general demurrer, that the act of appellant in going into danger was so sudden and unanticipated as that Poteet, the agent, could not by use of care and diligence have prevented her injury. But in this connection we remark that the particular allegation in this respect is ambiguous, and that a special exception thereto in this regard would not be improperly sustained. Therefore, if appellant entered and remained in the seed room by permission—license—of the representative of the appellee in control of the same, there was imposed upon appellee the duty to use proper care for her safety. Cook v. Navigation Co., supra; Dublin Cotton Oil Co. v. Jarrard, 40 S. W., 531; North Texas Construction Co. v. Bostick, 98 Texas, 239; Houston & T. C. Ry. v. Bulger, 35 Texas Civ. App., 478.

There remains the question, and the principal contention of appellee, of whether the acts and omissions complained of, in the circumstances, were the proximate cause of the injury. It is insisted by appellee that in the circumstances, there being no affirmative or personal acts of negligence shown on the part of the company, the negligence of the parents in bringing the child to the premises and not looking after it, both being present, would be the sole proximate cause of the injury, and for which appellee could not be held liable. In making this contention, however, appellee recognizes, and does not seek to invoke same, the doctrine followed in this State that in an action by the child to recover damages against a third person for personal injuries the negligence of its parents can not be imputed to the child. Galveston, H. & H. Ry. v. Moore, 59 Texas, 64; Texas & Pac. Ry. v. Fletcher, 6 Texas Civ. App., 736. If appellant were not the child of Poteet the question would be here sufficiently answered by the rule of agency aforementioned and the doctrine of law just stated. Is her legal relation towards appellee other and on a different

footing than that of a strange child to Poteet, the person in charge of the seed room, in such circumstances would be? It is difficult to perceive the legal principle which will excuse appellee from the performance of the duty imposed in the circumstances upon the ground that its agent at the same time was also the father of the injured person and charged with a like duty toward her and neglected to perform it. It is true that Poteet, as father, owed appellant the duty to care for, watch over and guard her from danger, and that it was her duty to submit to his control. It is likewise true that Poteet, present as the representative of the company and in control of the seed room, for and on behalf of the company, owed her the duty in the circumstances of protecting her from the danger she was in. The parental duty was merely accentuated. The character of his agency did not thereby cease or change. If he was a wrongdoer to the child, he was such towards her in each relation and capacity in legal contemplation, as much in one relation as in the other in point of fact in this case. It must either be in the case that the negligence of the father will be imputed to the child, or that appellee and the father as such are concurrent wrongdoers. We quote from Railway v. Moore, supra: "In the case of persons and corporations exercising a dangerous public employment, as was defendant in this case, in the center of a city, this negative duty is peculiarly strong; and it is difficult to perceive the legal principle which will excuse them from its performance upon the ground that some other person, even though that person be a parent, charged with a like duty, may have neglected to perform it." In this view appellee could not urge as a defense against a suit by the child the parents' wrongful acts. This conclusion is still uniform with clear law. The reason lay not in the fact that the father as such did no wrong, but that the company, through its agent, at the same time was and became a wrongdoer in legal contemplation, proximately causing the injury. It is on the ground that the father, as a concurrent wrongdoer with the party inflicting the injury on his child, that his negligence in parental control and care is a bar to his recovery in a suit brought by him for such injuries; but the negligence of the parent, which can not be imputed to the child, will be considered in quite a different light when the suit is brought for the benefit of the child. As was said in Williams v. Texas & Pac. Ry., 60 Texas, 205, "They, it appears, were guilty of negligence in exposing their child to danger. To this extent they contributed to the fatal result, and under the circumstances being in fault, they can not recover." It is elementary that since a recovery may be had against any of several wrongdoers whose concurrent acts have produced injury to a person, the liability of one such wrongdoer in an action against him is not avoided by the fact of the concurrent wrong of another in respect to which the person suing is in no way in fault and for which he is not responsible. In Gulf, C. & S. F. Ry. v. McWhirter, 77 Texas, 356, Chief Justice Stayton, speaking for the court, says, "If an accident occurs from two causes both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury

resulting, and the negligence of one furnishes no excuse for the negligence of the other." And see cases there cited. That no civil redress will lie against the father as a wrongdoer, if such rule obtains, would be no answer to the fact that he is in legal contemplation a concurrent wrongdoer in this instance. If the negligent act of appellee through its representative brought about one of the causes for injury, it could not as a wrongdoer defend on the ground that the negligence of the parents contributed in an equal or greater degree to the injury. The negligence that precludes a minor's recovery where the doctrine of imputed negligence does not prevail, must be that of the minor himself. Western U. Tel. Co. v. Hoffman, 80 Texas, 420. It is significant in this case that Poteet at the time of the injury was in the very service of the company; and to say that the negligence complained of was not in the capacity of an agent, but parental solely, would be contrary to fact and by fallacious indirection impute negligence of the parent to the appellant. In the way of analogy: An engineer on a moving locomotive is the father of a child on the track, and not far distant is the mother; and he fails to use care to avert its known danger, and injures it. Is his negligence solely a parental wrong as to the child suing the company in its own right, or has he failed in his duty in his dual capacity or relation as father and as agent of his employer? In this case that it is not the sole act of the father as such is evident if the liability of the company is to be measured by the conduct of its employe after he became aware of the child's presence and danger.

We are aware that in some cases in negligence suits brought by the infant it has been ruled that where the parent is present and in charge of the child at the time of the injury the child "must bear the consequences of the parent's failure to discharge his assumed obligations and duties." The ruling is based on the ground that the child is legally "subject to any disadvantage resulting from the exercise of parental authority which is both his right and duty to exert." Doubtless this principle so asserted by the cases influenced the ruling on the demurrer in this case; but in the cases the parent was not also an employe, as in the case at bar. If such rule rests on the ground of imputed negligence it could not be applied in this State. If such rule rests on the ground that the child was received on the premises accompanied by an attendant, such as applied in cases of incapacitated persons like blind, feeble or crippled and the like, and appellee's conduct should be measured accordingly, it would not be applicable in this case, because the mother had ceased to attend the child and its situation and danger was known to appellee. If the rule rests on the broad proposition that the relation of father and child created the relation of principal and agent, in such sense as to make the negligence of the father, in legal contemplation, the negligence of the latter, we doubt its soundness in the legal principle and reason. The right to control the conduct of the agent is the foundation of the doctrine that the master is affected by the negligent acts of his servants. But it would be a strange proposition indeed to impute to a child the negligence in the conduct of its father, on the ground of agency, which it neither was legally capacitated to authorize, nor par-

ticipated in, nor had the power or right to control. In a suit by the father the doctrine could well and properly be applied. But as to the child there is not involved in the exercise of parental authority the power to so bind and obligate the child as to conclude or abrogate her property rights—no more so than could the parent legally deed or mortgage her land or bind or conclude by contract of conveyance. A claim for damages for personal injury is a property right—as much so as any other property right. The power of the parent to waive for and on behalf of the child any duty that was imposed by law upon the company towards her in the circumstances, would be no more potent and available as concluding her rights in suit than would be a contract for and on her behalf of conveyance of her property.

The subject of negligence as applied to children has been discussed through the reports of the several States, from various standpoints; but we have been unable to find a case in precise point with the instant case. We are of the opinion that there was error in sustaining the demurrer.

The case was ordered reversed and remanded.

*Reversed and remanded.*