ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. RISTINE. (No. 266-3488.)

(Commission of Appeals of Texas, Section A. Dec. 7, 1921.)

1. Railroads ⊕⇒400(5)—Negligence in leaving car with open door extending into street question for jury.

Where a railroad company placed on its track a refrigerator car with an open door extending six feet toward an adjacent street, and a passing automobile came in contact with door, causing injuries to a passenger, the act of leaving the door open was not negligence as a matter of law.

2. Trial ⊕⇒194(17)—Charge on railroad's negligence in leaving car door open held erroneous, as invading province of jury.

In action against railroad for injuries to occupant of automobile sustained in collision with door of refrigerator car, in which the only negligence charged was that of leaving the door open, special charge instructing the jury that it was the duty of the railroad to exercise ordinary care to prevent the car, or any portion thereof, from injuring plaintiff, or any pedestrian or vehicle using the portion of the street in which the accident had taken place, and that the failure to exercise care would be negligence, held erroneous, in that it in effect told the jury that the act of leaving the door open constituted negligence.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Willie Ristine against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff affirmed by the Court of Civil Appeals (219 S. W. 515), and defendant brings error. Judgments of district court and of Court of Civil Appeals reversed, and cause remanded.

E. B. Perkins, of Dallas, and S. P. Ross, of Waco, for plaintiff in error.

Alva Bryan and Hamilton & Kibler, all of Waco, for defendant in error.

SPENCER, P. J. Defendant in error, Willie Ristine, instituted this suit and recovered judgment against plaintiff in error, St. Louis Southwestern Railway Company, for personal injuries alleged to have been sustained by her.

The grounds of recovery relied upon were: That plaintiff in error had placed, or permitted to be placed, upon its track on the outside of Pearl street, in the city of Waco, a refrigerator car with a door thereof open, and to which was affixed an iron bar or cleat; the door and bar extending a distance of six feet at a right angle from the car toward the street; that an automobile in which defendant in error was a passenger was traveling along Pearl street, and at the place where the car was located, in turning to the side of the street to pass another automobile moving in the opposite direction, came in contact with the iron bar, causing the injuries complained of.

The defense interposed was that of general denial, and, further, that the extension of the door and bar towards the street was not the cause of the accident, but that the driver of the automobile operated it in such a manner as to recklessly strike the side of the car, and that the side of the car was struck before the door was hit.

Upon the question of liability, the court submitted the following special issues to the jury, all of which were answered in the affirmative:

"No. 1. Did the defendant company leave the door of defendant car in question open, or permit it to be left and remain open at the time and place of the accident?

"No. 2. Was the act of so leaving said door open, or permitting it to be left and remain open, negligence?

"No. 3. Was such negligence, if any, the proximate cause of plaintiff's injuries?"

At the request of defendant in error, but over the objections of plaintiff in error, the court gave the following special charge:

"Gentlemen of the Jury: After the car in question was unloaded in the manner as shown by the evidence, you are instructed, as a matter of law, that it then became and was thereafter the duty of the defendant company and its agents, servants, and employés to exercise or-

dinary care to prevent said car, or any portion thereof, injuring the plaintiff or any pedestrian or vehicle while using that portion of Peach street adjacent thereto as a highway, and a failure to exercise such care on the part of the defendant, or any of its servants, agents, or employés, would be negligence."

Upon appeal, the Court of Civil Appeals affirmed the judgment of the trial court, and, in disposing of the cause, concluded that the giving of the charge above copied was not error. 219 S. W. 515.

[1, 2] In our opinion, the giving of the special charge was error. The only negligence charged was that of leaving the door open, or permitting it to be left open. In no other way, under the facts, could plaintiff in error have been guilty of negligence. The pivotal issue, therefore, and one that the court should have left the jury free to determine, was: Was the leaving of the door, or permitting it to be left open, negligence? The court very properly submitted this question to the jury as revealed by special issue No. 2. But it was improper for the court to instruct the jury that a failure to exercise ordinary care to prevent the car injuring defendant in error would be negligence, for that was equivalent to instructing them that it was incumbent upon plaintiff in error, as a matter of law, to exercise ordinary care with reference to the position of the car. It was not negligence, as a matter of law, for the door to have been left open. Whether it was negligence vel non was a question of fact for the jury's decision. By the special charge, the court invaded the province of the jury and decided for them the very question which they alone should have determined.

We recommend, therefore, that the judgment if the district court and the Court of Civil Appeals should be reversed, and the cause remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.