## GALVESTON ELECTRIC CO. v. MARANGOLA. (No. 8676.)

(Court of Civil Appeals of Texas. Galveston. April 20, 1925.)

**1. Trial ☞194(18)—Charge of court held not on weight of evidence.**

Charge as to duty and degree of care required of defendant company in handling passenger cars, and allowing passengers time to alight therefrom, *held* not one on weight and sufficiency of evidence.

**2. Trial ☞191(9)—Charge held not to impress on jury idea that court assumed failure of defendant to stop its car sufficient length of time for plaintiff to alight.**

Charge by trial court as to duty and degree of care required of defendant company in handling passenger cars and allowing sufficient time for passengers to alight therefrom *held* not to impress jury with idea that court assumed failure of defendant to stop its cars for a reasonable and sufficient length of time to allow plaintiff to alight.

**3. Trial ☞244(4)—Charge held not objectionable, as emphasizing or reiterating failure of defendant to stop car.**

Charge by trial court as to duty and degree of care required of defendant company in handling passengers and allowing sufficient time for passengers to alight therefrom *held* not objectionable, as so emphasizing or reiterating failure of defendant to stop car as to impress jury that defendant failed in this respect.

**4. Trial ☞194(15)—Error for court to charge on any particular state of facts constituting negligence.**

Except in violation of a statutory duty, it is error for the court to charge that any particular state of facts would or would not constitute negligence.

**5. Appeal and error ☞1064(2) — Charge on particular state of facts held harmless error.**

Court's charge "that it was duty of defendant and its employees to stop its car a sufficient and reasonable length of time to allow passengers to get off the car," if otherwise objectionable as charging as to particular state of facts constituting negligence, *held* not reversible error, where it was self-evident from the facts that such was its duty.

**6. Carriers ☞303(5) — Motorman's duty to stop car sufficient and reasonable time for passenger to alight.**

Where undisputed evidence shows alarm was given in proper time to motorman that plaintiff desired to leave car, and that motorman received such notice, it was the duty of the motorman to stop car at proper place for a sufficient and reasonable time for plaintiff to alight.

**7. Trial ☞192—Court may withdraw issue from jury, where only one conclusion could be reached thereon.**

Where under facts shown no conclusion could be reached, other than that it was duty of motorman to stop car for plaintiff to alight therefrom, judgment will not be reversed because charge in effect assumed such fact, and thereby withdrew the issue from jury.

**8. Appeal and error ☞1003—Verdict declaring passenger injured while alighting held not against evidence.**

In an action for personal injury sustained in alighting from car, verdict *held* not manifestly against weight and preponderance of evidence, requiring reversal.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Rosa Lee Marangola against the Galveston Electric Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, for appellant.

Frank S. Anderson, of Galveston, for appellee.

LANE, J. This suit was brought by Mrs. Rosa Lee Marangola against the Galveston Electric Company to recover for personal injuries, which she alleges ·she suffered by reason of the failure of the employees of said company, operating one of its street cars on which she was riding as a passenger, to stop said car long enough for her to alight therefrom in safety. She alleges that, for the purpose of permitting her to leave said car, the same was brought to· a stop at the intersection of Twenty-First and Broadway streets in the city of Galveston, and that as she attempted to alight therefrom it was suddenly started forward before she had time to alight, and that she was thrown from said car and seriously injured, to her damage in the sum of $10,000.

The defendant answered by general denial and by plea of contributory negligence, alleging that plaintiff negligently undertook to alight from said car before it came to a stop. The cause was submitted to a jury on a general charge of the court, and upon several special charges requested by defendant. The jury returned a verdict in favor of the plaintiff for the sum of $1,500, and judgment for said sum was accordingly rendered. From such judgment the Galveston Electric Company has appealed.

The propositions presented in appellant's brief are substantially these: First, that the court erred in giving the fifth paragraph of its main charge (1) in that said charge is upon the weight of the evidence, and assumes that the defendant failed to stop its

car a sufficient and reasonable length of time to allow passengers to alight therefrom; (2) in that it erroneously instructs the jury as a matter of law that it was the duty of defendant to stop its car a sufficient and reasonable length of time to allow passengers to alight therefrom, and that its failure to do so would be negligence; (3) in that said fifth paragraph of said charge unduly emphasizes and reiterates the failure of defendant to stop its car a sufficient length of time to allow plaintiff to alight therefrom, and is calculated to impress the jury with the idea that the court was of the opinion that the defendant failed in this respect; and, second, that the verdict of the jury in finding that defendant was liable to plaintiff for the damages suffered by her is so contrary to the manifest weight and preponderance of the evidence as should have required the trial court to set aside such verdict, and in that said verdict is unsupported in any way, except by the testimony of the plaintiff, while several disinterested witnesses testified that the car stopped a sufficient length of time to allow plaintiff to alight therefrom, but that she attempted to alight from it before it came to a standstill.

[1-3] The fifth paragraph of the charge, of which complaint is made, is as follows:

"You are further instructed that the defendant company rested under the duty, in the matter of handling its passenger cars and allowing time for passengers to alight therefrom, to use that high degree of care which a very prudent, cautious, and competent person would use under the same or similar circumstances, and, if the defendant used that degree of care it was not guilty of negligence; if it did not use that degree of care, it was guilty of negligence; and if by reason of, and as a direct result of, said negligence, if any, plaintiff was injured, without contributory negligence on her part, defendant is liable for such damages, if any, as may have been occasioned by said injury, and that it was the duty of the defendant and its employés to stop its car a sufficient and reasonable length of time to allow the passengers to get off the car, and whether or not the car in this case did stop such a length of time you must decide from all the facts in evidence before you."

We do not think the charge was one upon the weight of the evidence, or that it could have impressed the jury with the idea that the court assumed that the defendant failed to stop its car a sufficient and reasonable length of time to allow plaintiff to alight therefrom; nor do we think that it so emphasizes and reiterates the failure of defendant to so stop its car as to be calculated to impress the jury with the idea that the court was of the opinion that the defendant failed in such respect.

[4-6] We have also reached the conclusion that the giving of that part of the charge whereby the court instructed the jury "that it was the duty of the defendant and its employés to stop its car a sufficient and

reasonable length of time to allow the passengers to get off the car" might in some cases constitute reversible error. It is the general rule, as contended by appellant, that, except in violation of a statutory duty, it is error for the court to charge that any particular state of facts would or would not constitute negligence. While the charge complained of does not in so many words tell the jury that a failure of the motorman in charge of the car to perform the duty mentioned would constitute negligence on his part, perhaps the inference to be drawn therefrom is to that effect. But under the view we take of the evidence as a whole it is self-evident that it was, under the facts shown by the undisputed evidence, the duty of the motorman to stop the car for a sufficient and reasonable time to allow the plaintiff to alight therefrom. Indeed, appellant does not dispute that, under the facts of this case, such was not the duty of the motorman, but, to the contrary, it contends that its motorman intended to and did in fact perform such duty. The undisputed evidence shows that the alarm, giving the motorman notice that the plaintiff desired to leave the car, was given in proper time, and that the motorman received such notice. Under such circumstances, we think it was self-evident that it was the duty of the motorman to stop the car at the proper place for a sufficient and reasonable time to allow plaintiff to alight, and therefore the instruction given did not constitute reversible error.

It is well settled that, where all the evidence tends to prove a fact, so that but one conclusion could be made by the jury, it is proper for the court to assume such fact, and to withdraw the issue from the jury. It has been held in the cases below cited as follows:

"Where all the evidence tends to prove a fact, so that but one finding could be made by the jury, it is proper for the court to withdraw the issue from them and decide the matter itself." New York & Texas Land Co. v. Dooley, 33 Tex. Civ. App. 636, 77 S. W. 1030.

"Where plaintiff was injured while operating a drilling machine, and it was shown that he had had several years' experience in the work, it was error to submit the issue of his inexperience to the jury." Chicago, R. I. & G. Ry. Co. v. Denton (Tex. Civ. App.) 101 S. W. 452.

In an action for injuries to a section hand while operating a defective hand car, a charge held properly refused, because submitting as an issue a fact not disputed. M., K. & T. Ry. v. Swearingen (Tex. Civ. App.) 127 S. W. 1192.

"Submission of question whether railway brakeman's failure to give signals contributed to his injuries held improper under the evidence; it being self-evident that it did so contribute." Railway Co. v. Hall (Tex. Civ. App.) 152 S. W. 445.

[7] Having reached the conclusion that, under the facts shown, no conclusion, other than that it was the duty of the motorman

to stop his car for plaintiff to alight therefrom, could have been reached by the jury, we will not reverse the judgment because of the charge complained of.

[8] This brings us to a consideration of the contention that the verdict of the jury is so against the manifest weight and preponderance of the evidence as to be clearly wrong. After a very careful examination and consideration of all the evidence, we have, not without considerable difficulty, however, reached the conclusion that we would not be justified in setting aside the verdict of the jury upon the grounds urged.

I concur in this last-mentioned conclusion only because of the great length to which our courts have so often gone in upholding verdicts of juries upon that class of evidence, which to my mind is wholly insufficient to support a verdict.

For the reasons above expressed, the judgment is affirmed.

Affirmed.