## GALVESTON ELECTRIC CO. v. MARANGOLA. (No. 790–4450.)

(Commission of Appeals of Texas, Section A. May 26, 1926.)

**1. Trial ☞194(18)—Charge as to degree of care required of street railway in allowing passengers to alight held to be on weight of evidence, with regard to issue whether car stopped before regular stopping place.**

In action for injuries to passenger thrown from street car while alighting, charge as to duty and degree of care required of street railway in handling passenger cars and allowing passengers to alight therefrom *held* to be on weight of evidence, with regard to issue of fact as to whether car stopped just before reaching place where passengers were expected to get off.

**2. Carriers ☞303(4) — Street railway must use care in allowing time for passengers to alight only where it may be reasonably anticipated that passengers may leave car.**

Duty of street railway to use care in allowing time for passengers to alight therefrom exists only at place where it may be reasonably anticipated that passengers may attempt to leave car.

**3. Carriers ☞321(15)—Charge that street railway is under duty to stop car reasonable length of time to allow passengers to alight held erroneous, where jury might have found that passenger's alighting at place of accident could not be anticipated.**

In action for injuries to passenger thrown from street car while alighting, charge that duty rested on street railway to stop car sufficient and reasonable length of time to allow passengers to alight therefrom *held* erroneous, where jury might have found that railway employees could not by exercise of due care anticipate that passenger would attempt to alight from car at place of accident.

**4. Negligence ☞136(14).**

Question of negligence is usually for jury.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Rosa Lee Marangola against the Galveston Electric Company. A judgment of the Court of Civil Appeals (273 S. W. 311) affirmed a judgment for plaintiff and defendant brings error. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, for plaintiff in error.

Frank S. Anderson, of Galveston, for defendant in error.

BISHOP, J. Mrs. Rosa Lee Marangola, defendant in error, filed this suit against the Galveston Electric Company for damages for personal injury sustained by her in her attempt to alight from its car on which she was a passenger at the intersection of Twenty-First and Broadway streets in the city of Galveston.

In her petition she alleged that upon her signal to stop the car at said intersection the company, its agents, servants, and employees brought said car to a stop, and that, while she was about to step from the side of the car to the running board in an effort to alight therefrom, acting carelessly and negligently, they suddenly started the car, which caused her to be thrown with great force and violence from the car to and upon the street, causing the injuries of which she complains. Plaintiff in error answered by general denial and plea of contributory negligence.

On trial in the district court defendant in error testified:

"I pushed the button to get off at Twenty-First and Broadway. The car had stopped, and I was standing on the platform, ready to get down on the ground, when the car started and jerked me on the ground, and the car went ahead and stood still. I had a hold of the car, so when it started it jerked me around, and I dropped off. I had a hold of the left handle of the car—the side of the car. It was an open car. I was sitting on the front of the car, with my back to the motorman. * * *

───────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

As to how far the car was from Broadway when it first stopped, it was right in front of Campbell's store, the place where you are supposed to get off. Yes, sir; that was Campbell's grocery store, on the northwest corner of Twenty-First and Broadway. No other passenger got off there at that time that I noticed; no. As to how far the car went after it started, when I was thrown off, how far it went again before it stopped, well; it went a little ways. Yes, sir; the car came to a complete stop when I started to get off. It came to a complete stop before I started to get off; yes, sir."

On cross-examination she testified:

"While I was getting off the car started off, and then it went a little ways after I was thrown off. Well, I could not tell how far it run, whether as far as from me to you, whether shorter or longer; it went a little ways, but exactly I could not tell you where it went."

Being recalled on rebuttal she testified:

"I gave the signal by pushing the button. The car stopped on Broadway. As soon as it stopped, yes, I got off; I got off the platform, and was getting on the step, getting on the ground, when the car started off, and it went a little ways and stopped again."

J. G. Eberling, a witness for plaintiff in error, testified:

"While it was slowing up for that corner, I seen this lady get up and step off the car and fell. Yes, sir; the car was in motion at the time she got up and stepped off. No, sir; it had not stopped at or near the corner of Twenty-First and Broadway before she got off of it. It stopped after she got off at Twenty-First and Broadway; yes, sir. That car never made but one stop at Twenty-First and Broadway that I know of, that was when it stopped after Mrs. Marangola got off the car. When it made the stop at Twenty-First and Broadway, it was at its regular stopping place; yes, sir. Well; all I can say is that she just stepped off the running board, overbalanced, and sit down backwards. That was while the car was in motion, yes, sir, and before it reached its regular stopping place; yes, sir. Well, I couldn't say how fast the car was moving at that time, but pretty slow; it wasn't going very fast. After Mrs. Marangola fell off the car, I suppose the car ran about half a car length before it reached its regular stopping place."

The motorman testified:

"I was running the car at the time it happened. I was motorman of that car; yes, sir. No; I did not see Mrs. Marangola fall. I was on the forward platform with my back to the car; yes, sir. The car was not quite to the corner of Twenty-First and Broadway at the time of the accident? Yes, sir; I got a bell signal to stop the car there. No, sir; I hadn't stopped the car at the time she fell. I say that because it wasn't quite to the proper stopping place yet. I wasn't quite up to the stopping place. I didn't know the exact time she fell. The car made one stop at that corner, only one stop; yes, sir. No, sir; it is not a fact the car stopped at that corner and then moved

up a short distance and stopped again; it made one stop." .

Ed Richardson testified:

"She got off the car, before the car stopped, and fell. She got off 12 or 15 feet before the car stopped. When she fell, the conductor got out and picked her up, and I got up, and he asked her if she was hurt, and she said 'No.' * * * No; the plaintiff was not attempting to alight from the car, and the car suddenly started, and caused her to fall. The car stopped at its stopping place at Twenty-First and Broadway after she fell, because the car had not come to a regular stopping place yet, probably 10 or 15 feet before. * * * The street car had not quite reached its regular stopping place at Twenty-First and Broadway at the time plaintiff attempted to get off of it. No; the street car did not stop more than once at Twenty-First and Broadway at the time in question."

[1] The court in its general charge instructed the jury as follows:

"You are further instructed that the defendant rested under the duty, in the matter of handling its passenger cars and allowing time for passengers to alight therefrom, of that high degree of care which a very prudent, cautious, and competent person would use under the same or similar circumstances, and, if the defendant used that degree of care, it was not guilty of negligence, if it did not use that degree of care, it was guilty of negligence, and if by reason of, and as a direct result of, said negligence, if any, plaintiff was injured, without contributory negligence on her part, defendant is liable for such damages, if any, as may have been occasioned by said injury; and that it was the duty of the defendant and its employees to stop its car a sufficient and reasonable length of time to allow the passengers to get off the car; and whether or not the car in this case did stop such a length of time you must decide from all the facts in evidence before you."

Judgment in favor of defendant in error rendered and entered upon the verdict was by the Court of Civil Appeals affirmed. 273 S. W. 311.

[2] The evidence quoted presents an issue of fact as to whether the car stopped just before reaching the place where passengers were expected to get off, and defendant in error in attempting to alight at such place was caused by the car being put in motion to fall and receive the injury complained of. If it did so stop, and the accident occurred under this state of facts, and if the employees of plaintiff in error could not have reasonably anticipated that a passenger would attempt to leave the car at this place, the duty would not devolve upon them to even use care to allow the passenger time to leave the car. It is only at such places where it may be reasonably anticipated that a passenger may attempt to leave the car that the duty rests on the carrier to use care in allowing time for passengers to alight therefrom. Here the jury may have believed the testimony of de-

fendant in error that the car stopped twice and that she attempted to alight from the car when it stopped the first time, but they may also have believed from the evidence that the last stop was at the place where passengers usually boarded the car and alighted therefrom, and that she attempted to alight at a place where it was not and could not have been reasonably anticipated she would do so. In regard to this issue, the above-quoted charge was on the weight of the evidence.

[3] It was error for the court to charge the jury that the duty rested upon the plaintiff in error and its employees to stop its car a sufficient and reasonable length of time to allow passengers to alight therefrom. This in law is not the duty a carrier owes its passengers. The duty owing the passenger by the carrier in operating its car is to use that high degree of care that a very cautious and prudent person would use.

[4] The question of negligence is usually one for the jury. Under the evidence in this case, the jury may have found that the employees of the plaintiff in error operating the car did not know, and could not by the exercise of this degree of care have known, that defendant in error would attempt to alight from the car at the time and at the place she fell and was injured. There is no statute requiring the duty imposed by this charge, and reasonable minds in considering the facts in evidence in this case may differ as to whether such duty rested upon the plaintiff in error. As was said by the court in the case of Calhoun v. G. C. & S. F. Ry. Co., 84 Tex. 226, 19 S. W. 341:

"This charge is obnoxious to the rule of law that obtains in this state, that prohibits the trial court instructing the jury that certain facts do or do not constitute negligence." M. P. Ry. Co. v. Lee, 70 Tex. 501, 7 S. W. 857; T. & P. Ry. Co. v. Murphy, 46 Tex. 356, 26 Am. Rep. 272.

We recommend that both judgments be reversed and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.