## STANDARD PAVING CO. v. McCLINTON.

### No. 2078.

Court of Civil Appeals of Texas. Eastland.
Dec. 20, 1940.

Hiram G. Brown, of Mt. Pleasant, for appellant.

Cook & Russell, of Mt. Pleasant, for appellee.

GRISSOM, Justice.

Plaintiff, Millard McClinton, obtained judgment against defendant, Standard Paving Company, for damages to plaintiff's residence alleged to have been caused by blasting done by defendant in clearing stumps from the right of way for a highway adjacent to plaintiff's residence. The defendant has appealed.

Defendant's witness, a powder salesman for the Atlas Company, had testified that if a judgment was rendered against defendant it would not cost his company anything; in other words, that he had no interest in the case. On recross-examination by plaintiff's counsel the following occurred:

"Q. Help you to hold your job, won't it? A. My business is to sell.

"Q. And to help in these problems? A. I assist them with their blasting problems.

"Q. This is one of the problems, isn't it? A. Yes, first one in six years.

"Q. Now, if your company is paying your expenses, everybody knows these companies carry insurance for things like that."

The defendant objected to the remarks of plaintiff's counsel, and to the asking of said question, because it was incompetent, irrelevant and immaterial and prejudicial to the rights of defendant; "that counsel knew when he asked such a question that any such reference to insurance or carrying of insurance was improper"; and defendant moved the court to declare a mistrial. The motion was overruled. Defendant excepted. The jury was instructed not to consider the question or remark of plaintiff's counsel.

We cannot agree with the interpretation of this portion of the record by plaintiff. He contends the witness and attorney were talking of the Atlas Company. He says the question was not clear enough to convey to the jury the idea that appellant had insurance to protect it from a judgment in. this case. We think the reasonable conclusion from the quoted and connected testimony is that plaintiff's counsel was talking about the defendant, and similar companies, when he made the statement in the presence of the jury that everybody knew that they carried insurance "for things like that." We think it highly probable the jury so understood plaintiff's remark. We find no justification for such remark. Under the circumstances, such action was error and reasonably calculated to injuriously affect defendant. Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234; Coon v. Manley, Tex.Civ.App., 196 S.W. 606; Carter v. Walker, Tex.Civ.App., 165 S.W. 483, 487; Gordon Jones Const. Co. v. Lopez, Tex. Civ.App., 172 S.W. 987, 991; Lone Star Gas Co. v. Coates, Tex.Civ.App., 241 S.W. 1111, 1112; Acola v. Magnolia Pet. Co., Tex.Civ.App., 261 S.W. 384, 385; Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738, 742, writ refused; Texas Coca-Cola Bottling Co. v. Lovejoy, Tex. Civ.App., 138 S.W.2d 254, 256, writ refused; 33 Tex.Jur. 279, 41 Tex.Jur. 745; Missouri P. Ry. Co. v. Mitchell, 72 Tex. 141, 10 S.W. 411; Levinski v. Cooper, Tex. Civ.App., 142 S.W. 959, 962.

The only issue in which the question of defendant's negligence was attempted to be submitted to the jury was No. 2, reading as follows: "From a preponderance of the evidence, do you find that the defendant, Standard Paving Company was guilty of negligence *in failing to use such ordinary care as an ordinarily prudent person would use in like or similar circumstances* in the exploding of the explosive material?" (Italics ours.) Defendant objected to said issue, among other things, because it had the effect of telling the jury that defendant was negligent in exploding the explosive material; because it was an affirmative charge on the weight of the evidence and calculated to prejudice the rights of the defendant, and left the implication that the court believed defendant was negligent in exploding the explosives used within the distances it was exploded of plaintiff's premises.

We think it is plain that the court by the use of the language employed told the jury the defendant failed to use ordinary care in exploding the explosive material, and then asked whether or not such act was negligence.. Plaintiff's judgment necessarily rests upon the jury's affirmative answer to said question. We think it is clearly erroneous and requires a reversal of the judgment. Galveston Elec. Co. v. Marangola, Tex.Com.App., 283 S.W. 777; A. J. Anderson Co. v. Reich, Tex.Com.App., 260 S.W. 162; St. Louis S. W. Ry. Co. v. Ristine, Tex.Com.App., 234 S.W. 1086; Tanner v. Drake, Tex. Civ.App., 47 S.W.2d 452; Besteoir v. Besteoir, Tex.Civ.App., 18 S.W.2d 829; Honea v. Arledge, 56 Tex.Civ.App. 296, 120 S.W. 508.

In connection with the discussion of issue No. 2, in view of another trial, we call attention to the fact that plaintiff's petition failed to allege any specific act of negligence. It was excepted to by defendant for said reason and because the allegations of negligence were too general and vague to apprise the defendant of what facts the plaintiff would attempt to prove as constituting negligence, and insufficient to permit the defendant to prepare for a trial and contest of such issues. In the language of Judge Slatton in Kootsey v. Lewis, Tex.Civ.App., 126 S.W.2d 512, "It is enough to say that where negligence is pleaded generally and a special exception is directed thereto, the pleader should be required to be more specific, sufficient, at least, to apprise his adversary of the kind of proof he will be required to meet upon the trial." Also see Missouri P. Ry. Co. v. Hennessey, 75 Tex. 155, 157, 12 S.W. 608; Garrow, McClaim & Garrow v. Allen, Tex.Civ.App., 260 S.W. 887; Poteet v. Blossom Oil & Cotton Co., 53 Tex.Civ. App. 187, 115 S.W. 289; Independent

Eastern Torpedo Co. v. Carter, Tex.Civ. App., 131 S.W.2d 125; Lancaster v. Hall, Tex.Civ.App., 277 S.W. 776; Metzger v. Gambill, Tex.Civ.App., 37 S.W.2d 1077, writ refused.

■In cases of this character it is necessary for a plaintiff to allege and prove negligence. Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ.App., 140 S.W.2d 491, 492. Proof of the happening of an accident constitutes no proof of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 405, 105 S.W.2d 195; Phillips v. Citizens' Nat. Bank, Tex.Com.App., 15 S.W.2d 550, 552; Davis v. Castile, Tex. Com.App., 257 S.W. 870, 871; Alley v. Texas Electric Co., Tex.Civ.App., 134 S. W.2d 762; Texas Hotel Co. v. Cosby, Tex. Civ.App., 131 S.W.2d 261.

The judgment is reversed and the cause remanded.